Lake v. Milliken.

JOHN D. LAKE vs. CHARLES MILLIKEN and others.

*Case. Negligence. Nonsuit. Proximate and concurring cause.*

Where the evidence tended to show that the defendants negligently piled their boards in the travelled path of a public highway;—that a wagon loaded with barrels was driven over these boards causing a rattling noise which frightened the plaintiff's well broken and carefully driven horse;—that the horse being frightened by the noise, suddenly started and threw the plaintiff, while carefully driving, out of his wagon, whereby he was seriously injured;—it was held that a nonsuit could not properly be ordered—and that it was for the jury to determine whether or not the defendants' acts were the proximate cause of the plaintiff's injury.

Every wrong-doer is at least responsible for all the mischievous consequences that might be reasonably expected under the circumstances to result from his misconduct.

Where an injury is the result of two concurring causes, the party responsible for one of these causes is not exempt from liability because the person who is responsible for the other cause may be equally culpable.

ON EXCEPTIONS.

CASE for so negligently placing boards in the highway, that the plaintiff, passing along the same in the exercise of the requisite degree of care, had his horse frightened by a rattling noise occasioned by a load of barrels being driven over these boards, whereby he was thrown out and severely injured ; as is more fully stated in the opinion.

The presiding judge ordered a nonsuit and the plaintiff excepted.

*Baker & Baker*, for the plaintiff.

Unnecessary that the defendants' negligence should be the sole cause of the injury. *Bigelow v. Reed*, 51 Maine, 325 ; *Salisbury v. Herchenroder*, 106 Mass., 458 ; *Brehm v. G. W. R. R.*, 34 Barb., 256 ; Shear. & Redf. on Neg., §§ 10, 27, 46 ; *Powell v. Deveny*, 3 Cush., 300 ; *Illidge v. Goodwin*, 5 C. & P., 190 ; *Dixon v. Bell*, 5 M. & S., 198 ; *Burrows v. March*, 5 Exch., 198 ; *Lynch v. Nurdin*, 1 Ad. & El., 35 ; *McCahill v. Kipp*, 3 E. D.

Smith, 413; *Peck v. Neil*, 3 McLean, 22; *Ricker v. Freeman*, 50 N. H., 420.

It was the proximate cause. *McDonald v. Snelling*, 14 Allen, 296; *Scott v. Hunter*, 46 Penn. St. R., 192; *Vandenburg v. Truax*, 4 Denio, 464; 50 N. H., *ubi supra; Cole v. Fisher*, 11 Mass., 137; *Saxton v. Bacon*, 31 Verm., 540; *Mott v. Hudson*, 8 Bosw., 345.

This should have been left to the jury. *Lane v. Atlantic Works*, 107 Mass., 108.

It might not be expected that injury would happen in the particular manner it did; but this makes no difference. *Scott v. Shepard*, 2 W. Blackstone, 892; *Higgins v. Dewey*, 107 Mass., 494.

*A. Libbey and W. P. Whitehouse*, for the defendants.

The barrels did the mischief, or were the proximate cause of it. *Mott v. Hudson*, 1 Robertson, 585; *Ryan v. N. Y. Cent. R. R. Co.*, 35 N. Y., 210; *Marble v. Worcester*, 4 Gray, 395; *Bigelow v. Reed*, 51 Maine, 325.

APPLETON, C. J. This is an action on the case against the defendants, to recover damages sustained by the plaintiff in consequence of a pile of boards wrongfully placed by them in a public highway in the city of Augusta.

The case comes before us upon a nonsuit, ordered by the justice presiding on the plaintiff's evidence. In determining whether the nonsuit was rightly ordered or not, we must assume the truth of the proof offered, and regard it in the light most favorable to him; for the jury might have so regarded it.

It appears from the evidence that the defendants had piled their boards in a street thirty-eight feet wide; that the space from the side-walk to the nearest boards was fifteen feet and three inches; that twenty-two feet and nine inches were covered more or less with boards; that the pile was two and a half feet high and tapering; that the boards were thrown off loosely, the defendants intending to pile them elsewhere; that they were piled in the middle of the street; that a wagon preceding the plaintiff, loaded with

barrels, passing along, went over the boards, causing the boards and the barrels to rattle; that the plaintiff was following in his wagon with a horse well-broken and under his control, and at a moderate pace; that his horse, frightened by the rattling of the boards and barrels, started suddenly and too quick for him to stop him, and jumped sidewise against the lamp-post, throwing him out of the wagon, breaking his right arm and wrist, and otherwise injuring him so that he was for a long time unable to labor.

The defendants were guilty of a nuisance in thus incumbering the highway. The plaintiff was proceeding with due care. He was in no fault. A stranger passing along with a team loaded with barrels ran over the defendants' boards, piled in the middle of the street. The rattling of the boards and the barrels frightened the plaintiff's horse, which, jumping sidewise, threw the plaintiff out and severely injured him. If the boards had not been wrongfully left in the street they would not have rattled or caused the rattling of the barrels; and had there been no rattling of boards and barrels, the plaintiff's horse would not have been frightened nor the plaintiff injured.

The nonsuit was wrongly ordered. It was for the jury to determine whether the defendants did not have their lumber in such a situation that they might reasonably anticipate the very consequences which ensued. It was said in *Morrison v. Davis*, 8 Harris, 171, that the general rule is that a man is not answerable for the consequences of a fault, only so far as the same are natural and proximate, and as may on this account be foreseen by ordinary forecast, and not for those which arise from a conjunction of his fault with other circumstances that are of an extraordinary nature. But here the very thing happened, which not unreasonably might have been expected; that persons driving along might pass over a pile of boards in the middle of the street, and that a rattling noise would be the result. In *Ricker v. Freeman*, 50 N. H., 420, Foster, J., says: "We think the principle is clearly established, that negligence may be regarded as the proximate cause of an injury, of which it may not be the sole and immediate cause. If the defendant's negligent, inconsiderate and wanton, though not

Lake *v.* Milliken.

malicious act, concurred with any other thing, person or event, other than the plaintiff's own fault, to produce the injury so that it clearly appears, that, but for such negligent, wrongful act, the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible even though his negligent, wrongful act may not have been the nearest cause in the chain of events or the order of time." Shearman & Redfield on Neg., § 10. "When we are engaged in an act," say the court in *Fairbanks v. Kerr*, 70 Penn., 90, "which the surrounding circumstances indicate may be dangerous to others and their interests, and when the event whose concurrence is necessary to make an act injurious, is one we may readily see may occur under the circumstances and unite with the act to inflict an injury, we are culpable if we do not take all the care which prudent circumspection would suggest to avoid the injury."

In *Greenland v. Chaplin*, 5 Exch., 243, Pollock, C. B., says: "Of this I am quite clear, that every person who does wrong is at least responsible for all the mischievous consequences, that may reasonably be expected to result under ordinary circumstances, from such misconduct." This rule was affirmed and applied in *Cranch v. Great Northern Railway*, 11 Exch., 472, and in *Mullet v. Mason*, L. R., 1 C. P., 559.

In *Fairbanks v. Kerr*, the facts were these: a man mounted a pile of flagstones in a street to make a public speech; a crowd gathered about him, some of whom got on the stones and broke them. It was held to be a question for the jury whether the defendant's making the speech in the street was the proximate or remote cause of the injury. The same principle is applicable in the case at bar.

When the injury is the result of two concurring causes, one party is not exempt from full liability, although another party was equally culpable. *Chapman v. New Haven R. R. Co.*, 19 N. Y., 341; *Ricker v. Freeman*, 50 N. H., 420. *Exceptions sustained*

CUTTING, DICKERSON, DANFORTH, VIRGIN, and PETERS, JJ., concurred.