The Joliet, Aurora and Northern Railway Company

*v.*

A. A. Velie.

*Filed at Ottawa January 18, 1892.*

1. Practice—*directing what the verdict shall be.* It is error to instruct the jury, in an action for negligence and consequent injury, that if they believe, from the evidence, that the plaintiff was injured by the negligence of the defendant, as charged in the declaration, and that the plaintiff was at the time in the exercise of ordinary care and prudence, the plaintiff is entitled to recover for such injury, if there is no conflict in the evidence, taken as a whole, if all the evidence on both sides does not tend to show a right of recovery.

2. Where a defendant whose motion to exclude plaintiff's evidence, made as soon as the plaintiff rests, is overruled, fails to stand by such motion, or to renew it when all the testimony is in, or to request that the jury be instructed to find for the defendant, but introduces testimony of his own to contradict the case made by the plaintiff, and requests that the jury be instructed to pass upon the issues involved, and to determine thereon according to the preponderance of the evidence, he thereby waives his right to object to the action of the court in overruling his motion, and is estopped from assigning it for error in a court of review.

3. Where the defendant demurs to the plaintiff's evidence, he will be held to admit not only all that the plaintiff's testimony proves, but all that it tends to prove. He thereby admits all the conclusions of fact which a jury may fairly draw therefrom. Hence, if there is evidence tending to prove the issues in favor of the plaintiff, the judgment must be in his favor, and the motion to exclude must be overruled.

4. A motion by the defendant to exclude the evidence operates as a demurrer to the plaintiff's evidence.

5. Where a defendant's demurrer to a declaration is overruled, he may either stand by his demurrer and suffer judgment to go against him, trusting to the higher court to sustain his position, or he may plead to the declaration, and if he does the latter, he loses any rights he may have had under his demurrer if he had stood by it. The same rule applies to a defendant's motion to exclude the evidence when the plaintiff rests his case.

6. If the evidence of both sides may be considered in order to decide whether the plaintiff has made such a case as should go to the jury, it should be made to appear to this court, by proper rulings obtained from the trial court, that the plaintiff was not entitled to go to the jury upon all the evidence, before this court will reverse upon the alleged ground that the case ought to have been taken from the jury.

7. Appeal—*question of excessive damages.* In an action to recover damages for a personal injury, this court can not decide whether the damages recovered are excessive.

Appeal from the Appellate Court for the Second District;— heard in that court on appeal from the Circuit Court of Kane county; the Hon. Isaac G. Wilson, Judge, presiding.

Messrs. Williams, Holt & Wheeler, for the appellant:

The circuit court should have allowed defendant's motion to take the case from the jury, on the ground that by plaintiff's own showing he knew the hazard, and so was not entitled to recover. *Railway Co.* v. *Geary,* 110 Ill. 383; *Manufacturing Co.* v. *Ballou,* 71 id. 417; *Railway Co.* v. *Britz,* 72 id. 257; *Railroad Co.* v. *Munroe,* 85 id. 25; *Pennsylvania Co.* v. *Lynch,* 90 id. 333; Wharton on Negligence, sec. 214.

Mr. A. J. Hopkins, Mr. F. H. Thatcher, and Mr. N. J. Aldrich, for the appellee:

The motion to exclude the plaintiff's evidence is in the nature of a demurrer to the evidence, and subject to the same rules and requirements. *Dormady* v. *Bank,* 2 Scam. 236; *Crowe* v. *People,* 92 Ill. 231; *Railway Co.* v. *Dunleavy,* 129 id. 132; *Railway Co.* v. *Snyder,* 128 id. 655; *Packet Co.* v. *Gattman,* 127 id. 598; *Powell* v. *McCord,* 121 id. 335.

Mr. Chief Justice Magruder delivered the opinion of the Court:

This is an action on the case begun on April 23, 1888, by the appellee against the appellant company in the Circuit Court of Kane County to recover damages for a personal injury, which resulted in the amputation of one of the appellee's legs and the mangling of the other, in tearing his ribs from the breast bone, in inflicting internal injuries and in completely shattering his nervous system. The plea was not guilty. The first trial resulted in a verdict in favor of the plaintiff for $15,000.00. A new trial was granted. The second trial has resulted in verdict and judgment in favor of the plaintiff for $14,000.00. This judgment has been affirmed by the Appellate Court, and the judgment of the latter Court is brought here for review by appeal.

In this case, the appellant makes no complaint of any instruction given or of any instruction refused; nor does it complain of the action of the trial court in admitting or excluding evidence, except so far as exception is taken to the refusal of that court to grant the motion hereinafter mentioned.

After the plaintiff below had introduced his evidence and rested, the defendant—the appellant here—moved to exclude the plaintiff's evidence. This motion was overruled, and exception was taken. The action of the trial court in thus overruling the motion of the defendant to exclude all of the plaintiff's evidence, so made at the close of plaintiff's evidence, and not afterwards, is the only error now insisted upon by appellant's counsel, except the claim that the damages are excessive which will be noticed hereafter.

A motion to exclude the evidence operates as a demurrer to the evidence. Where the defendant demurs to the plaintiff's evidence, he must be held to admit not only all that the plaintiff's testimony proves, but all that it tends to prove. The demurrer not only admits the truth of the testimony de-

murred to, but all the conclusions of fact which a jury may fairly draw therefrom. The testimony is to be taken most strongly against the party demurring, and whatever inferences a jury would be entitled to draw the court ought to draw. The object of the demurrer is to refer to the court the law arising from facts. Nothing remains but that the court should apply the law to the admitted facts. The Court cannot investigate the facts in dispute, or weigh the force of testimony—that is the province of the jury. The party demurring to the evidence seeks to withdraw the consideration of the facts from the jury. If a party "were permitted to demur to the evidence so long as there was any dispute as to the facts, and the plaintiff could, under such circumstances, be compelled to join in the demurrer and thereby compel the plaintiff to have the controversy about the facts decided by the court, it would in effect be depriving the plaintiff of the constitutional right to have his case tried by a jury." (*Crowe* v. *The People*, 92 Ill. 231.) Hence, if there is evidence tending to prove the issues in favor of the plaintiff, the judgment must be in his favor, or, what amounts to the same thing under the more recent practice, the motion to exclude must be overruled. (*Dormady* v. *State Bank of Illinois*, 2 Scam. 236; *Pennsylvania Co.* v. *Conlan*, 101 Ill. 93, and cases cited; *Pawling* v. *U. S.* 4 Cranch, 219; *Young* v. *Black*, 7 id. 565; *Thornton* v. *Bank of Washington*, 3 Pet. 36; *Fowle* v. *Alexandria*, 11 Wheat. 320; *Park* v. *Ross*, 11 How. 362).

If, therefore, the record in this case was in such shape as to present for our consideration the question of law whether the evidence, that had been introduced by the plaintiff below when he rested his case, was or was not sufficient to justify a recovery, or establish a cause of action, we would be obliged to examine such evidence in order to determine the question thus presented. But we do not think that the appellant is in a position to urge before this Court, that the trial court erred in refusing to sustain its motion to exclude the evidence of

the plaintiff below. When 'that motion was overruled the defendant below did not stand by the motion; on the contrary, it proceeded to introduce testimony to contradict the proofs of the plaintiff; and, after the introduction of its own testimony, it did not renew its motion to exclude, nor did it ask the court to instruct the jury to find for the defendant, but allowed the case to go to the jury under instructions framed upon the theory that there was such a conflict in the evidence as to justify the jury in passing upon it.

Where a defendant, whose motion to exclude plaintiff's evidence, made as soon as plaintiff rests, is overruled, fails to stand by such motion, or to renew it when all the testimony is in, or to request that the jury be instructed to find for the defendant, but introduces testimony of his own to contradict the case made by the plaintiff, and requests that the jury be instructed to pass upon the issues involved and to determine them according to the preponderance of the evidence, he thereby waives his right to object to the action of the court in overruling his motion, and is estopped from assigning such action as error in a court of review. This conclusion necessarily follows from the observations already made upon the nature of such a motion, which operates as a demurrer to the evidence.

When a defendant demurs to a declaration and his demurrer is overruled, he has two courses before him. He can either stand by his demurrer and suffer judgment to go against him, trusting to the upper court to sustain his position, or he can plead to the declaration and go to trial. If he does the latter, he loses any rights which he might have had under his demurrer if he had stood by it. We see no reason why the same rule should not apply in the case of a motion by the defendant to exclude the plaintiff's evidence, when such motion is made as soon as the plaintiff rests his case. A motion of this kind is a substitute for the old practice of filing a demurrer to the evidence, which set out all the facts admitted, and was expressed in the formal language of the ordinary demurrer.

*(Dormady* v. *State Bank of Illinois, supra).* The plaintiff then joined in the demurrer, or refused to join therein, according to the ruling of the court.

Inasmuch as the demurrer admits all the facts stated in it to be true, and admits also all the inferences which can be properly drawn from the facts, and merely claims that the testimony is not sufficient in law to enable the plaintiff to maintain his action, the defendant necessarily withdraws his admissions when he neglects to stand by his demurrer after it is overruled, and proceeds to introduce witnesses to contradict the very evidence which he has just admitted to be true. The action of the court in ruling upon the demurrer to the evidence is based upon defendant's admission that the facts established by the evidence are true. When the defendant no longer admits such facts to be true but tries to prove that they are false, he ought to be held to have waived any error based upon the admissions thus withdrawn. By his demurrer he takes the case from the jury and submits it to the court to be decided upon a question of law. By disputing the facts set up in the demurrer and appealing to the jury to determine the truth of the facts thus disputed, he submits his case upon an entirely different theory.

When the testimony of the defendant is introduced, the case made by the plaintiff may have been strengthened, and its defects, if any existed, may have been cured. Very often the cross-examination of the defendant's witnesses brings out facts favorable to the plaintiff's cause of action which the latter could not otherwise obtain. When all the evidence is in on both sides, an entirely different case may be presented from that which existed when the plaintiff rested. Even though a motion to exclude plaintiff's evidence made at the close of his case may have been improperly overruled, yet the evidence on both sides when considered all together may show so clearly, that the cause depends upon the effect or weight of testimony, as not only to justify but to require the jury to pass upon it.

Would it be right for this Court to reverse a judgment for error in overruling such a motion, if it could plainly see that the case was one for the jury in view of all the testimony presented by both sides, and that it was properly submitted to the jury under instructions applicable to a controverted state of facts? We think not.

If the defendant in this case felt confidence in the position, that the evidence introduced by the plaintiff established no cause of action, it should have stood by its motion. When all the testimony was in, the defendant not only did not ask the court to instruct the jury to find for the defendant, but it asked the court to give, and the court did give, the following instruction:

"The plaintiff, to recover in this case, is bound to establish, by a preponderance of evidence, both that the defendant was guilty of negligence as charged in the declaration filed in this case, and that he, the plaintiff, was in the exercise of all reasonable and ordinary care at the time of the accident, and unless the jury find, from the evidence and under the instructions of the court, that the plaintiff has established both of these facts by a preponderance of evidence, the verdict should be for the defendant."

The evidence, upon which the jury are required by this instruction to base their finding, is the whole evidence, including that introduced by the plaintiff as well as that introduced by the defendant. Upon consideration of the whole evidence they are instructed to determine where the preponderance lies. What matters it that it would have been wrong to submit the case to the jury upon the plaintiff's evidence alone, if it was right to submit it upon the plaintiff's evidence and the defendant's evidence together? The court gave the following instruction for the plaintiff:

1. "If the jury believe, from the evidence, that the plaintiff was injured by the negligence of the defendant, as charged in the declaration, and that the plaintiff was at the time in the

exercise of ordinary care and prudence, then plaintiff is entitled to recover for such injury, and the jury should so find."

It was manifestly wrong to give this instruction, if there was no conflict in the evidence considered as a whole, or if all the evidence on both sides did not tend to show a right of recovery in the plaintiff. (*Cothran* v. *Ellis*, 125 Ill. 496.) But counsel nowhere in any of their briefs or arguments complain of this instruction, or of any other instruction. They nowhere claim, or ask us to hold, that the case was not properly submitted to the jury upon all the evidence presented on both sides. Their sole contention is, that the plaintiff when he rested had not made a case, and that the trial court erred in not sustaining the motion *then* made to exclude plaintiff's evidence without reference to the bearing, or effect on the issues, of the evidence subsequently introduced; and that, for this alleged error alone, we must reverse the cause irrespective of anything that occurred after such motion was overruled, and no matter upon what theory or upon what kind of instructions the case was finally submitted. We are unable to concur in this view.

It is claimed that the doctrine herein announced is opposed to the weight of authority. After a careful examination of all the cases decided by this Court, to which we have been referred, we see nothing in them inconsistent with the views here expressed. The precise question here involved, in the shape in which it is now presented, has not heretofore been conclusively settled by this court. In *Bartelott* v. *International Bank*, 119 Ill. 259, "evidence was given on behalf of both plaintiff and defendant. * * * At the conclusion of the evidence, on motion of the defendant's counsel, the court instructed the jury to find for the defendant," and, the jury so finding, judgment was rendered upon their verdict. We affirmed the judgment, holding that there was no evidence proper for the consideration of the jury. The question there was, whether the court could instruct the jury to find for the defendant after evidence had been introduced by the defendant, and it was

held to be proper to ask for such an instruction after the introduction of defendant's evidence, but the effect of failing to abide by a motion to exclude the plaintiff's evidence, when such motion is made and overruled at the conclusion of plaintiff's evidence, is not there considered. The only statements made as to the effect of such a motion are that, if sustained, the trial will be terminated at once, and, if not sustained, no judgment will be rendered against the defendant, that is to say, he may proceed to introduce testimony in his own behalf.

In *Cothran* v. *Ellis, supra,* the question here involved was not raised or considered. In that case it was merely held that, in order to present to this court the question of law whether the evidence did or did not tend to show a right of recovery, such question must be raised in the trial court by a motion to exclude, or to instruct for the defendant, or in some other way.

The case of *Insurance Co.* v. *Folsom,* 18 Wallace, 237, comes nearer to supporting the contention of appellant's counsel than any other case to which we have been referred; but an examination of that case will show it to have been so peculiar in its facts and in the mode of its trial, as to render the decision of it inapplicable as a precedent to the case at bar. The action there was brought upon a policy of marine insurance, and was tried before a judge of the Circuit Court of the United States without a jury by agreement, under a special Act of Congress, which, after providing that the findings of the Circuit Court upon the facts might be either general or special and should have the same effect as the verdict of a jury, authorized the Supreme Court of the United States to review "the rulings of the (Circuit) court in the case, *in the progress of the trial,* when excepted to at the time  *  *  *  provided the rulings be duly presented by a bill of exceptions."

Under our practice, the trial court cannot order a peremptory non-suit against the will of the plaintiff, though the motion of the defendant to exclude plaintiff's evidence on the ground of its insufficiency to support a verdict will, when granted, have

the same effect as an enforced non-suit and may be almost said to be equivalent thereto. (*Poleman* v. *Johnson*, 84 Ill. 269.) Under the English practice, however, the defendant may, at the close of the plaintiff's evidence, apply for a non-suit against the plaintiff, if it is claimed that there is not evidence, upon which the jury can reasonably and properly find a verdict; and it has been held in several English cases, that the judge may use the evidence introduced by the defendant, in order to determine whether he will grant a non-suit or not, or in order to change his ruling already made upon an application for a non-suit. (*Davis* v. *Hardy*, 6 Barn. & Cress. 225; *Giblin* v. *McMullin*, Law Rep. 2 Privy Council Appeals, 317.) If, under these authorities, the evidence of the defendant may be considered in connection with that of the plaintiff in order to decide whether or not the plaintiff has made such a case as should be submitted to a jury, then when a record shows that testimony was introduced by both plaintiff and defendant, it should be made to appear to this court by proper rulings obtained from the trial court, that the plaintiff was not entitled to go to the jury upon all the evidence, before we will reverse upon the alleged ground that the case ought to have been taken from the jury.

As to the point made by counsel that the damages are excessive, we have repeatedly held that that is a question which we cannot inquire into. (*Pullman Palace Car Co.* v. *Bluhm*, 109 Ill. 20; *Beeler* v. *Webb*, 113 id. 436; *C. & E. R. R. Co.* v. *Holland*, 122 id. 461; *City of Joliet* v. *Weston*, 123 id. 641; *Stumer* v. *Pitchman*, 124 id. 250.)

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*