AMES & FROST COMPANY

*v.*

FRANK STRACHURSKI.

*Filed at Ottawa, May 9, 1893.*

1. NEGLIGENCE—*evidence tending to show negligence.* A corporation was sued by an employé for an injury resulting from negligence in failing to have a cog-wheel, near the place where the servant was required to work, properly covered. The evidence showed that the plaintiff was a boy aged about sixteen years, and that he had been working for the defendant about three years. There were at the time in defendant's shop two boring machines and five matchers and stickers, and the plaintiff was working on one of the borers, which was about twelve feet from the matcher, in the gearing of which his hand was caught. The cog-wheel of that machine was covered only by a sheet-iron cover set over it, but not fastened, and was liable to be knocked off by hitting or pushing against it. The plaintiff, in following, in a fast walk, a boy who had taken away a stake used by the plaintiff, slipped on the floor, which was slippery, and fell, and throwing out his hand hit the cover over the wheel, knocking it off, and his hand was caught. *Held*, on motion to find for the defendant, that the evidence tended to show negligence in properly guarding and covering the gearing of the matcher.

2. *Held*, also, that on such motion the slippery condition of the floor at that point should be considered in connection with the other evidence, although the allowing of the floor to become slippery was not charged in the declaration as negligence, and could not be relied on as a substantive ground for recovery. If by reason of such condition of the floor there was greater danger of employés losing their footing and falling against the machinery, there was greater occasion for care and diligence in so guarding the machinery as to make it safe for the workmen to be about it.

3. INSTRUCTION—*directing what the verdict shall be.* The defendants requested the court to give this instruction, "now come the defendants by their attorneys, and request the court to instruct the jury that the evidence is insufficient to maintain the plaintiff's case, as charged in the declaration, and therefore the verdict must be for the defendants." *Held*, that such written request as presented to the court contained all the proper elements of a proper written instruction to the jury to find a verdict for the defendants.

4. An instruction asked by the defendants, that the evidence is not sufficient to maintain the plaintiff's case, and therefore the verdict must be for the defendants, should not be refused on the ground that it is

prefaced, "now come the defendants by their attorneys, and request the court to instruct the jury that," etc.

5. SAME—*request for instruction waived.*  A request of a defendant for an instruction, made at the close of the plaintiff's evidence in chief, to find for the defendant, will be waived and abandoned by his election to introduce evidence in defense, and the denial of such motion can not be assigned for error.

6. PRACTICE—*directing what the verdict shall be.*  It is not proper to instruct the jury to find for the defendant, in a suit against it for an injury resulting from negligence, on the ground of contributory negligence on the part of the plaintiff, when the evidence of his negligence is not clear and indisputable.  If the evidence of his negligence is such as only to raise a question of fact, and not one of law, the court should not take the case from the jury.

7.  The request for a peremptory instruction to find a verdict for the defendants, being in the nature of a demurrer to the evidence, operates as an admission on the part of the defendants, not only of every fact proved, but of every inference favorable to the plaintiff fairly arising from the evidence, and in determining the propriety of such request conflicting evidence can not be considered.  Conflicts in the evidence are proper matters for the jury, and can not be settled by the court on demurrer.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

Mr. EDWIN WALKER and Mr. ARTHUR J. EDDY, for the appellant.

Messrs. GIBBONS, KAVANAGH and O'DONNEL, for the appellee.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

This was an action on the case brought by Frank Stachurski, a minor, by his next friend, against Charles L. Ames, Abel H. Frost and the Ames and Frost Company, a corporation, to recover damages for a personal injury.  The declaration alleges, in substance, that the defendants were possessed of a certain factory and the machinery therein,

for the manufacture of spring beds; that the machinery used by the defendants for such manufacture was so constructed with cog-wheels, that when left unguarded and uncovered, it became and was dangerous for children and persons of tender years to be permitted to work around, at or near the same; that the plaintiff, a person of tender years, without knowing or appreciating the danger, was employed by the defendants to work in their factory, around, at and near said machinery; that it was then and there the duty of the defendants to see that said machinery was properly guarded and covered, so that the plaintiff would not be exposed to danger, and to see that he was fully instructed in regard to such danger, and warned to avoid the same; yet the defendants, in utter disregard of their duty in that behalf, did not see that said machinery was properly guarded and covered, and that the plaintiff was instructed as to the danger to which he was exposed, and warned to avoid the same, and that, by means of such carelessness and negligence of the defendants, the plaintiff, while in the employ of the defendants, and in the exercise of all due care and caution for his own safety, came in contact with and struck and fell against the cog-wheels and gearing of one of the machines so used by the defendants, which was then and there improperly and insecurely guarded and covered, while the same was being operated by the defendants, and thereby the plaintiff's left hand was caught therein, and so severely crushed, bruised, lacerated and wounded, that it became necessary to amputate the same.

The defendants pleaded not guilty, and at the trial, which was had before the court and a jury, the defendants, at the close of the plaintiff's evidence in chief, moved the court to instruct the jury to find for the defendants. This motion being overruled, the defendants proceeded to introduce evidence to maintain the issues on their part, and at the close of the evidence, as the record recites, they requested the court to give the following instruction:

"Now come the defendants, by their attorneys, and re-quest the court to instruct the jury that the evidence is insufficient to maintain the plaintiff's case, as charged in the declaration, and therefore the verdict must be for the defendants."

But the court refused to instruct the jury as requested, and to such refusal an exception was duly preserved by the defendants. The jury then retired, and afterwards came into court with their verdict, finding the issues for the plaintiff, and assessing his damages at $1,500. The de-fendants thereupon entered their motion for a new trial, basing their motion solely upon the following grounds:

"First. The court erred in refusing to direct a verdict for defendants at the close of the plaintiff's testimony, as requested by the defendants.

"Second. The court erred in refusing a verdict for de-fendants at the close of all the evidence in testimony, as requested by defendants."

But the court overruled the motion thus made, and ren-dered judgment in favor of the plaintiff for his damages as assessed by the jury, and for costs. To these rulings, also, the defendants duly preserved exceptions. The only errors assigned in the Appellate Court or in this court are those which call in question the refusal of the trial court to in-struct the jury to find a verdict for the defendants, and its refusal to award a new trial.

There can be no doubt that, under the rule laid down in *J., A. & N. Ry Co. v. Velie*, 140 Ill. 59, the request for an instruction, interposed by the defendants at the close of the plaintiff's evidence in chief, was waived and abandoned by their election to introduce evidence on their part, instead of abiding by their request as made. The ruling of the court on that request then can not be assigned for error, and need not be considered.

The only question, therefore, open for discussion here, arises upon the refusal of the court to instruct the jury,

after all the evidence was in, that the evidence was insufficient to sustain the plaintiff's case, and that their verdict should be for the defendants.

We are unable to concur in the view which seems to have been adopted by the Appellate Court, to the effect that the instruction was not presented to the court, or requested in any form in which the court could properly have given it to the jury. It is true that it was prefaced by a recital that the defendants, by their attorneys, requested the court to instruct the jury, etc., but that recital does not seem to us to vitiate it as an instruction. Admitting it to be the rule established by our statute in relation to written instructions, that it is not sufficient for counsel to request the court to instruct the jury upon a given point, even though he indicate the precise tenor of the instruction which he desires to have given, but that he must draw up and hand to the court the instruction itself—a question upon which we do not now express any opinion—we think the written request drawn up in this case and presented to the court contained all the elements of a proper written instruction to the jury to find a verdict for the defendants. If it had been given to the jury just as it was written, they could have been in no doubt as to its meaning or its binding effect upon them. Although it was in form a request for an instruction, the court, if he had marked it "given" and handed it to the jury, would thereby have said to them, in effect, "I instruct as requested," and the jury would doubtless have so understood it.

But we are of the opinion, in view of the evidence in the case, that the instruction was properly refused. The request for a peremptory instruction to find a verdict for the defendants, being in the nature of a demurrer to the evidence, operated as an admission on the part of the defendants not only of every fact proved, but of every inference favorable to the plaintiff fairly arising from the evidence. And in determining the propriety of such request, conflict-

ing evidence can not be considered. Conflicts in the evidence are proper matters for the jury, and can not be settled by the court on demurrer. If then there was any evidence in the case, having a substantial tendency to sustain the plaintiff's cause of action, it was the duty of the court to submit it to the jury.

The evidence shows that the plaintiff, at the time he was injured, was a boy about sixteen years of age, and that he then had been working for the defendants about three years. There were at the time in the defendants' shop two boring machines and five matchers and stickers. The plaintiff was working on one of the boring machines, his machine being about twelve feet from the matcher, in the gearing of which his hand was caught and injured. The cog-wheels and gearing of that machine were covered and protected only by a sheet-iron cover, which was set over them, but not fastened, and liable to. be knocked off or moved out of place by anything hitting or pushing against it.

The evidence tends to show, that just prior to the injury the plaintiff and a boy with whom he was working went out and got a truck and placed it by the boring machine which they were working. While it was standing there, one of the boys who were working the other machine came over and stole one of the stakes out of the plaintiff's truck and carried it off and slipped it under his machine, which was standing between two of the matchers. The plaintiff thereupon followed the boy who had taken away the stake, going, as he testifies, not on a run, but on a fast walk. The place where the stake had been put was about three feet from the matcher, and as the plaintiff was near the matcher, the floor at that place being slippery, his foot slipped, and he threw out his hands and hit the cover over the cog-wheels, knocking it off, and catching his hand in the cogs, and thereby receiving the injury complained of.

We think it clear that this evidence tended to show negligence on the part of the defendants in the matter of ade-

quately guarding and covering the gearing of the matcher, so as to make it reasonably safe for employés who might, in the performance of their duties, have occasion to be in the vicinity of that machine. It can not be doubted that if the cover over the cog-wheels had been fastened in some way, as it probably might have been, the injury to the plaintiff would not have happened. It was therefore a fair question for the jury, whether the cog-wheels were so protected as to furnish the employés of the defendants a reasonably safe place in which to do their work.

The slippery condition of the floor at that point is also to be considered in the same connection. It is true that the defendants' conduct in allowing their floor to become slippery at that point is not charged in the declaration as negligence, and it can not therefore be relied upon as a substantive ground for recovery. But it is manifestly a circumstance to be taken into account in determining whether the defendants exercised due care in covering and guarding their machinery. If by reason of the slippery condition of the floor, there was greater danger of employés losing their footing and falling against the machine, there was greater occasion for care and diligence in so guarding the machinery as to make it safe for their workmen to be about it.

But the principle contention, as we understand it, is, that the evidence establishes contributory negligence on the part of the plaintiff of such a character as should be held to bar his right to recover. If he were proved to have been guilty of negligence, *per se*, and which could be pronounced such as a legal conclusion and not as a mere deduction from the evidence, there might be much force in the contention. But whether he was negligent or not was a question of fact, and there is no such clear and indisputable evidence of negligence contributing to the injury as would have justified the court in holding that negligence was proved, and in instructing the jury on that basis. The

matter was properly left to the jury to be determined as a question of fact.

There was no contention in either the Circuit or Appellate Court, that if the evidence was sufficient to require a submission of the case to the jury, their finding was not justified. The only point made on motion for a new trial, or in the Appellate Court, or here, is, that the trial court erroneously refused to take the case from the jury and direct a verdict for the defendants. As that point, in our opinion, is not well taken, and as no other error is assigned, it follows necessarily that the judgment of the Appellate Court must be affirmed.         *Judgment affirmed.*