# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

## FOURTH DISTRICT—FEBRUARY TERM, 1894.

### James T. McCasland v. O'Brien, Green & Co.

1. PAYMENTS—*Application of—General Accounts.*—A person having a general account against another has the right to apply moneys received without specific directions, to the oldest items of the account.

2. ESTOPPEL—*Change in a Firm—Notice to Persons Dealing with it.*—Where a company in the habit of dealing with a firm goes out of business, the firm having no notice of such change, a sale of lumber made by the firm to the manager of the company and payment guaranteed, personally, by its president, must be understood, so far as the firm is concerned, as having been made to the company, and that the president was in person guaranteeing payment by the company; and this fact he is estopped to deny.

3. DEFENSES—*Sales Without Notice of Changes in Firms, etc.*—To make the fact that a firm has gone out of business or that one of its officers has bought goods in his own name and used the same for his own private use, etc., a defense, it must appear the vendor had notice.

4. INSTRUCTIONS—*Finding a Verdict for the Defendant.*—Where an instruction to find for the defendant is asked at the close of the plaintiff's evidence and refused, and the defendant, instead of standing by his instruction on the case as then presented, introduces evidence and fails to renew his request for the instruction, the refusal to give it is not error.

5. GUARANTY—*Construction of Contract of.*—The question of guaranty is not what the guarantor believed or intended, except as such intent appears from the written guaranty when read and construed in the light of the relations of the parties and the attendant circumstances.

Memorandum.—Action of assumpsit. In the City Court of East St. Louis; the Hon. B. H. CANBY, Judge, presiding. Trial by jury; verdict

and judgment for the plaintiff; error by the defendant. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 22, 1894.

J. W. BARTHOLOMEW, attorney for plaintiff in error.

JESSE M. FREELS, attorney for defendants in error.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

On March 30, 1892, plaintiff in error, James T. McCasland, signed and delivered to H. H. Smith, to be by him forwarded to defendants in error, an order for a car load of lumber, which is as follows:

"EAST ST. LOUIS, ILL., March 30, 1892. Messrs. O'Brien, Green & Co., Chicago, Illinois:

GENTLEMEN: Our Mr. H. H. Smith informs me that he has ordered a car of lumber from you, which will amount to about $250 or $300. I will say to send the lumber ahead, and I will see that you get your pay.

Yours respectfully,

J. T. McCASLAND."

"Our Mr. H. H. Smith" wrote the following directions below the order and on the same sheet of paper:

"Messrs. O'Brien, Green & Co.: Ship car same as before. I am in a hurry for the lumber.

H. H. SMITH."

Thereupon the order was sent to defendants in error, who shipped the car load of lumber, pursuant to the order and on the faith of McCasland's guaranty of payment. This suit was brought against McCasland, as guarantor, to collect the amount due and unpaid for said car load of lumber, and resulted in a verdict and judgment for defendants in error for the sum of $238.32.

The record shows that Smith had been manager and McCasland had been president of the Denverside Manufacturing Company, and that defendants in error had transacted business with that company through Smith as manager.

Several car loads of lumber were shipped to Smith by defendants in error from February 20, 1892, to April 25th of the same year.

The record shows that the total account for this lumber was $1,337.20; that the car load with which we are at present concerned was the next to the last load; that the aggregate price of the last two loads was $478.32; that all payments were made "on general account," and that the total balance unpaid when this suit was commenced was $575.75.

Smith testifies that he bought through the Denverside Manufacturing Company; that the company charged him for the lumber, and that he paid the company therefor "on general account," and in this way paid defendants in error, but that after all payments had been made, there remained due and unpaid to defendants in error the total balance of $575.75 above mentioned.

Defendants in error had the right to apply moneys received without specific directions to the oldest items of their account. This was done, whereby the car load of lumber covered by McCasland's guaranty, amounting in value to $238.32, after deducting freight, remained as an unsatisfied item of the account. The jury properly found the issue of payment in favor of defendants in error.

But it is urged that the declaration avers that the Denverside Manufacturing Company, by H. H. Smith, manager, requested defendants in error to sell and deliver this car load of lumber, and that McCasland guaranteed payment therefor, whereas the proof shows that Smith bought the lumber for himself as an individual, and that the guaranty was that Smith, and not the Denverside would pay. The order offered in evidence uses the significant words, "*our* Mr. H. H. Smith," which is a well known method of indicating that the person named is connected with the business of some firm or corporation. As has already been stated, the evidence shows that Smith had been manager of the Denverside Manufacturing Company. If a change had taken place, as is contended, so that Smith was now carrying on the business for himself, no notice of such change had been given to defendants in error, nor was proof

of knowledge of the fact on their part offered on the trial. This being true, defendants in error would naturally understand from this guaranty that the Denverside was getting the lumber, and that McCasland was guaranteeing payment by the Denverside, and so plaintiff in error, when sued on the guaranty, after delivery of the lumber, would be estopped to deny this to be the fact. Hence there was no variance between the declaration and the evidence, and the court below properly refused the numerous offers of plaintiff in error to show that the Denverside had in fact gone out of business, or that Smith had used the lumber for his own private business, or that plaintiff in error had ceased to be president, or Smith manager of the Denverside. Proof of some of these facts did creep into the record but the court did not err in excluding such evidence when objections were properly interposed.

To make any of these matters available as defenses, knowledge thereof must have been brought home to defendants in error before the lumber was delivered. We think the evidence showed that defendants in error were entitled to recover. We may say generally in this connection that we find no material error in the record relating to the admission or exclusion of evidence.

It follows that the court did not err in refusing to instruct the jury to find for plaintiff in error. Besides, it is observable that this instruction was asked at the close of the plaintiff's evidence, and that plaintiff in error instead of standing by his instruction on the case as then presented, proceeded afterward to introduce evidence, part of which tended to strengthen the case of defendants in error, and then failed to renew his request for the giving of this instruction. Hence, the refusal of the instruction was not error. J. A. & N. Ry. Co. v. Velie, 140 Ill. 59. The instruction given for defendants in error might have been worded more accurately, but there is no such inaccuracy therein as requires a reversal of the judgment in a case where there is a clear right of recovery under the evidence.

The court did not err in refusing to give plaintiff in

error's second instruction. That instruction stated the law to be that if McCasland "believed and intended to guarantee the debt of some other person than that of the Denverside," then the jury should find in his favor. This is certainly not the law. The question is not what McCasland believed or intended, except as his intention appears from his written guaranty when read and construed in the light of the relations of the parties and of the attendant circumstances. The instruction was properly refused.

We have carefully examined the record and have found no material error therein.

The judgment is affirmed.