THE COLORADO MORTGAGE & INVESTMENT COMPANY
v. REES.

1. APPELLATE PRACTICE—VARIANCE—WAIVER.
A question as to a variance between the allegations and proof raised on appeal for the first time will not be considered.

2. NEGLIGENCE—ELEVATORS—PRESUMPTIONS.
An elevator in a building is not presumed to be a place of danger to be approached with great caution. One desiring to enter it has the right to assume that the owner and operator thereof will exercise that high degree of care required by the nature of the business, and that he may safely enter when he finds the door open without stopping to make a special examination.

3. NEGLIGENCE—EVIDENCE.
Where, in an action for damages for injuries sustained by falling down an elevator shaft, the scope and tendency of the plaintiff's evidence was to show that the elevator door was open at the time of the accident because of the defective condition of its lock, as claimed by plaintiff, it is admissible to show that the door was open at times antecedent to the accident in corroboration of that claim, and as tending to show a previous and continuous defective condition and notice thereof to the defendant.

4. EVIDENCE.
Upon a question whether there was sufficient light in the hallway leading to the elevator where the accident happened at the time of day it occurred to enable a person coming in to distinguish whether the elevator was standing in the shaft without special examination, the statements of witnesses who are familiar with the premises as

to the result of their observations of an existing condition are
admissible. Such statements are not expressions of opinion.
5. PRACTICE—MOTION TO STRIKE OUT.
Where part of the testimony is incompetent and part competent, a
motion to strike it all out is too broad and should be denied.
6. NEGLIGENCE—INTERVENING CAUSE.
Where an injury is the result of the combined negligence of the defend-
ant and the negligent or wrongful act of a third person, for whose
act neither plaintiff nor defendant is responsible, the defendant is
liable when the injury would not have occurred except for his neg-
ligence.
7. PRACTICE—QUESTIONS FOR JURY.
Whether, in any given case, the act charged was negligent, and whether
the injury suffered was, within the relation of cause and effect, at-
tributable to it, are questions for the jury.

*Appeal from the District Court of Arapahoe County.*

THIS is an action brought by Joseph R. Rees against The
Colorado Mortgage & Investment Company to recover for
injuries alleged to have been suffered through its negligence.
The company is, and was at the time of the injuries, the
owner of, and in full control of, the Barclay block, an office
building situate on the corner of Larimer and Eighteenth
streets, in the city of Denver, and an elevator operated
therein for the use of its tenants and their patrons.

After describing in detail the character of the building
and the elevator way, and the mode of operating the eleva-
tor, and alleging that the same was accessible only through
a sliding door on each floor, which could not be opened from
the hallway leading thereto, but only by the defendant and
its employés from within the elevator, the complaint alleges :

"*Fourth*—That the said door opening into the said eleva-
tor way, shaft or opening on the said ground floor or main
floor of said building, and the fastenings, fixtures and appli-
ances thereof, at and during the time hereinafter mentioned,
were so negligently and carelessly built and constructed, and
were so carelessly and negligently managed and controlled,
and had so become out of repair, and the said hallways and
entrances leading up to and adjoining the aforesaid door and

entrance on the floor last aforesaid were so dark and void of light as to render the said shaft or elevator way exceedingly dangerous.

" *Fifth*—That on the 28th day of May, A. D. 1891, and between the hours of 5 and 6 on the afternoon of said day, the said defendant, well knowing the premises, negligently and wrongfully left the said door on the said ground floor open and the said elevator way or shaft unguarded, and without any signal or warning, in consequence whereof, the plaintiff aforesaid, while lawfully and properly on the said ground floor in the building aforesaid, believing that the elevator car was there in the said shaft on the said ground floor in waiting and readiness to receive passengers for carriage, and induced to so believe by the fact that the said door was standing open as aforesaid, and believing that by entering said door he would be stepping into the aforesaid elevator car, entered and passed through said door or doorway, and the said elevator car not being in that portion of the shaft, but at the top thereof at that time, without any fault on his part, the said plaintiff fell into, down and through the said elevator way or shaft from the ground floor of said building to the lower floor or basement thereof."

The answer of the defendant specifically denies these allegations, and as a further defense, in substance avers:

That the elevator and all approaches thereto were carefully and safely built, and was, at the time plaintiff received the injuries complained of, being operated in a careful manner by a competent person.

That in leaving the lower floor at the time mentioned with the elevator, the operator closed the door and left the same in a safe and secure condition; and that a trespasser upon the premises, without the knowledge of defendant, opened the door and left the same standing open, and that plaintiff, without due or proper care on his part in observing the condition of the door and shaft, negligently and carelessly walked into the shaft.

Upon the conclusion of plaintiff's testimony, defendant interposed the following motion for a nonsuit:

" Because the testimony on the part of the plaintiff does not show any liability on the part of the defendant, and because the testimony on the part of the plaintiff shows that the accident resulted from the contributory negligence of the plaintiff, rather than from the negligence of the defendant."

This motion was denied. Trial resulted in a verdict and judgment in favor of plaintiff for $6,885 and costs. To reverse this judgment defendant company prosecutes this appeal.

Messrs. THOMAS, BRYANT & LEE and Mr. HUGH BUTLER, for appellant.

Mr. R. D. REES, Mr. C. J. HUGHES and Mr. E. A. BAL-LARD, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The testimony introduced on the part of the plaintiff was to the effect that the lock on the elevator door fastened with a spring catch, and when locked, if the spring was not broken, no one could open the door from the outside. That at the time of the injuries complained of, and for a long time anterior thereto, this spring was broken, and by reason of such defect the catch would unlatch by the rebound of the door when shut with any force; and when closed, a push from the outside, and even the weight of the door itself, would raise the latch. That at the time mentioned the elevator was in the upper part of the shaft and the door wide open, and that by reason of the insufficient light plaintiff did not discover the absence of the elevator, stepped into the shaft, and was injured.

Counsel for appellant, in their original brief and argument, group and discuss the numerous errors assigned under three heads: First, the refusal of the court to grant defendant's motion for a nonsuit; second, error in regard to the admission, or refusal to admit, testimony ; third, error in the giving or refusing of instructions.

Upon oral argument they advanced the further objection that there is a fatal variance between the evidence intro-duced on the part of the plaintiff and the act of negligence specifically averred as the cause of the injury.    There was evidence introduced, without objection, tending to support the general allegations of negligence set forth in the complaint. Whether, therefore, the negligence proved differs from that alleged in the complaint is a question of fact that is not before us for consideration, since no objection to the introduction of the evidence upon this ground was made in apt time, or the question of variance between the proofs and allegations raised by motion to strike out, or in any manner brought to the attention of the trial court.    Questions of this nature should be made at the trial, when the objection, if well taken, may be cured by amendment.

The rule upon this subject is well stated in the case of *Libby, McNeill & Libby v. Scherman*, 146 Ill. 540, as follows :

" To present the question of variance as one of law, the evidence should have been objected to at the time it was offered on that ground, or when the variance became apparent, counsel should have moved to exclude the evidence, or in some other appropriate way the question should have been so raised that the trial judge could have passed upon it, and to properly raise the question in any of these modes, the variance should have been distinctly pointed out, so as to enable the trial judge to pass upon it understandingly, and to enable the plaintiff, if such course should become necessary, to obviate the objection by an amendment to the declaration."   *Tognini v Kyle*, 30 Pac. Rep. 829.; *Dikeman v. Norrie*, 36 Cal. 94 ; *The J. A. & N. Ry. Co. v. Velie*, 140 Ill. 59 ; *Ames & Frost Co. v. Strachurski*, 145 Ill. 192.

In support of the error assigned upon the refusal of the court to grant a motion for nonsuit, it is urged that the failure of the plaintiff to ascertain that the elevator was absent was in itself sufficient to show such carelessness on his part as would defeat a recovery.   In this, counsel

assume that an elevator is a place of danger; that it should be approached with great caution. On the contrary, a person has the right to assume that the owner and operator of an elevator will exercise that high degree of care that the nature of the business demands, and will see to it that the approaches thereto are reasonably safe, and that the doors to the shaft can be safely and securely locked, and are not negligently left open; and that he may safely enter when he finds the door open without stopping to make a special examination. *Tousey v. Roberts*, 114 N. Y. 312.

When the motion was interposed the evidence before the jury tended to show that because of the broken lock on the elevator door, the door was standing open; and that owing to the inadequate light in the hallway, plaintiff failed to discover the absence of the elevator. Whether, under the circumstances thus shown, he exercised that degree of care which persons of ordinary prudence would exercise on approaching and entering the elevator, was a question of fact for the jury, and the motion was properly refused.

We cannot notice in detail the particular specifications of error predicated upon the admission and rejection of testimony. The main contention under this head is that the court erred in permitting plaintiff to show that the door in question was open at times antecedent to the accident, and that other persons came near falling into the shaft; for the reason that this testimony tended to show other and independent careless acts of the person in charge of the elevator at such times. It is clear that if such was the purpose and effect of this testimony, it would be inadmissible; but that such was not the purpose and object for which it was introduced is evident when the theory upon which the case was tried is kept in view. The whole scope and tendency of the evidence introduced on the part of plaintiff was to show that the elevator door was open at the time of the accident because of the defective condition of the lock; and in corroboration of that claim the evidence complained of was offered as tending to show a previous and continuous

defective condition. The evidence was relevant for this purpose, and also competent to show notice and knowledge on the part of the company of the defective condition of the lock. Wharton, in his work on Evidence, after stating the ordinary rule contended for by counsel for appellant,— that when a party is sued for damages following from a particular act of negligence, disconnected, though similar, negligent acts are inadmissible,—states the rule applicable to this character of cases as follows:

"But when a party is charged with the negligent use of a specific agency, and when the case against him is that he did not use care proportionate to the danger, then the question becomes material whether he knew, or ought to have known the extent of the danger. On such an issue as this it is relevant for the party aggrieved to put in evidence of disconnected acts, of which it was the duty of the defendant to have been cognizant, and which, if he were cognizant of them, would have advised him of the extent of the danger, and would have made it his duty to take precautions which would, if faithfully applied, have prevented the injury sued for." Wharton on Evidence, sec. 41.

This doctrine is supported by many adjudged cases, among which are the following: *City of Delphi v. Lowery*, 74 Ind. 520; *City of Fort Wayne v. Coombs*, 107 Ind. 75; *Wooley v. Grand St. & Newtown R. R. Co.*, 83 N. Y. 121; *Higley v. Gilmer*, 3 Mont. 90; *Phelps v. Winona & St. Peter R. R. Co.*, 37 Minn. 485; *City of Augusta v. Hafers*, 61 Ga. 48; *Kent v. Town of Lincoln*, 32 Vt. 591; *Crocker v. McGregor*, 76 Me. 282; *Darling v. Westmoreland*, 52 N. H. 401; *Chicago v. Powers*, 42 Ill. 169; *Grand Trunk R. R. Co. v. Richardson*, 91 U. S. 454; *Morse v. M. & St. Louis Ry. Co.*, 30 Minn. 465.

In the latter case Mr. Justice Mitchell, speaking for the court, said:

"For the purpose of showing the defective character of the switch referred to, plaintiff was permitted to show that other engines and cars missed the track at the same point,

both before and after the accident complained of. The competency of such evidence under any circumstances is by many courts denied. This court has held it to be competent. It is, of course, not competent for the purpose of showing independent acts of negligence, but we think on principle it is clearly admissible when it tends to show that the common cause of these accidents is a dangerous or unsafe thing. It would be certainly competent to prove by an expert that, at a time either before or after the accident, when the instrument claimed to have caused it was in the same condition as when the accident complained of occurred, he examined and experimented with it, and found it capable of producing like results. Hence there seems no reason for excluding ordinary experience, when confined within the same limits and for the same purpose. These facts are in the nature of experiments to show the actual condition of the instrument. Upon any issue as to the condition or safety of any work of human construction designed for practical use, evidence showing how it has served, when put to the use for which it was designed, would seem to bear directly upon the issue."

Counsel for appellant concede that the rule thus stated is correct when the accident complained of was occasioned by the defective condition of an inanimate thing, but not applicable to the case under consideration, because the accident complained of is alleged to have been caused by carelessly leaving the door open, and not from the defective condition of the lock. But as we have before shown, the question of variance between the proof and the allegations of the complaint, if there was any, was waived, and the case tried upon the theory that the accident was caused by the unsafe condition of the lock.

A further objection urged against the admission of the testimony of certain witnesses as to whether there was sufficient light in the hallway, at the time of day the accident occurred, to enable a person coming in from the street to distinguish whether the elevator was standing in the shaft without a special examination, upon the ground that such answers were

an expression of opinion, is not well taken. The witnesses thus interrogated were familiar with the premises, and their statements were the result of their observation of an existing condition, and not the expression of an opinion.

Mr. Brumbaugh, a locksmith, was called by plaintiff to prove the condition of the lock after the accident. He was asked to state the condition of the lock when he examined it. In his answer to this question he incidentally remarked that he went there to repair the lock. He also testified fully as to the character of the lock and the condition in which he found it. Counsel for defendant moved the court to strike out all his testimony because, among other things, it related to the making of repairs after the accident. The denial of the motion is assigned as error.

While the statement of the witness that he went to repair the lock was objectionable, and should have been stricken out upon a proper motion, yet the balance of his testimony, being competent and material, the motion was too broad, in that it challenged the entire testimony of the witness, and in failing to specify the objectionable portion. For this reason it was properly denied. *Davis v. Hopkins*, 18 Colo. 153.

The errors assigned upon the rejection of evidence offered by defendant are based upon the refusal of the court to permit the defendant to show a conversation alleged. to have taken place between the plaintiff and a boy by the name of Thorne, immediately after the accident, for the purpose of showing admissions on the part of Thorne that he opened the elevator door. This evidence was properly excluded, upon the ground alone that it was mere hearsay ; but aside from this reason it is urged that the evidence would have been wholly irrelevant and immaterial had Thorne himself been present to testify to the fact of his having opened the elevator door ; that such an act on his part would not constitute an efficient intervening cause that would relieve defendant from liability, but that his act, coupled with defendant's negligence, constituted together combined and con-

current causes of the injury complained of. The court below adopted this theory, and instructed the jury as follows :

" The jury are instructed that if they find from the evidence that the defendant negligently failed to provide and maintain proper and secure fastenings to its elevator door, and by reason thereof the door was open at the time of the alleged accident, and that while so open and while the elevator was in the upper part of the building, the plaintiff, while in the exercise of ordinary care, fell into the elevator shaft and was injured ; and if such accident was reasonably to have been apprehended from the condition of the elevator door and its fastenings and of insufficient and inadequate light, then the plaintiff will be entitled to recover a verdict at your hands for such damages as he may have sustained. And under such circumstances it is wholly immaterial whether such door was opened by some third person or not, provided that such accident could not have happened but for the negligence of the defendant in keeping and maintaining the fastening to its elevator door."

Counsel for appellant contend that notwithstanding the exclusion of this conversation, they had the right, under the evidence introduced, to have the question of the interference of a third party submitted to the jury ; and that, if the jury should have found that the door was opened by Thorne, such act would constitute an efficient intervening cause that would relieve defendant from liability, although it had been negligent in maintaining suitable fastenings as alleged.

We think the court below, in the instruction above quoted, correctly stated the law applicable to this case. It was the duty of defendant, in operating the elevator in question, to exercise the utmost care and diligence, and to provide and maintain proper and secure fastenings to the doors opening into the elevator way that could not be opened or controlled from the outside. Therefore the court was correct in saying that it was " wholly immaterial whether such door was opened by some third person or not, provided that such accident could not have happened but for the negligence of

the defendant in keeping and maintaining the fastenings to its elevator door;" for, had it performed its duty in the premises, such interference by a third party would have been impossible; hence its negligence necessarily concurred in, and constituted an essential factor in, causing the injury.

It is well settled by the adjudged cases that where an injury is the result of the combined negligence of the defendant and the negligent or wrongful act of a third person, for whose act neither the plaintiff nor the defendant is responsible, the defendant is liable, when the injury would not have happened except for his negligence. The law applicable to such a state of facts is thus stated in Shearman & Redfield on Negligence, sec. 10 :

"Negligence may, however, be the proximate cause of an injury of which it is not the sole or immediate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time."

In the case of *Lane v. Atlantic Works*, 111 Mass. 136, an action to recover for personal injuries alleged to have been caused by iron falling from defendant's truck carelessly left standing in the street, the immediate cause of the iron falling being the act of a third party in moving the tongue of the truck, it was said :

"The act of a third person, intervening and contributing a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise."

In *Powell v. Deveney*, 3 Cush. 300, the defendant's servant

left his master's truck in the street with the shafts supported in the customary manner, by a plank. A third party drove his truck against defendant's, and in consequence of the collision the shafts of the latter were thrown from the plank, whirled around on the sidewalk on which plaintiff was then passing, knocked her down and broke her leg. It was held that defendant was liable for the injury. In *Illidge v. Goodwin*, 5 C. & P. 190, the defendant's cart and horse were left standing in the street without any one to attend them. A person passing by whipped the horse, which caused it to back against the plaintiff's window. It was urged that the man who whipped the horse, and not the defendant, was liable. Tindal, C. J., ruled that even if this were true, it would not avail as a defense. He says:

" If a man chooses to leave a cart standing in the street, he must take the risk of any mischief that may be done."

In the case of *Village of Carterville v. Cook*, 129 Ill. 152, a boy fifteen years of age, while passing along a public sidewalk of the defendant, by reason of the inadvertent or negligent shoving of another boy against him, was pushed from the sidewalk at a point where it was elevated some six feet from the ground, and unprotected by railing or guard, and thereby seriously injured in one of his limbs. It was held that the village was liable to the party so injured, notwithstanding the primary cause of his injury was the act of the other boy. Among the many other cases that might be cited to the same effect are the following: *Burrell Tp. v. Uncapher*, 117 Pa. St. 353; *Webster v. Hudson R. R. R. Co.*, 38 N. Y. 260; *Campbell v. City of Stillwater*, 32 Minn. 308; *Ricker v. Freeman*, 50 N. H. 420; *Simmons v. New B., V. & N. St. Co.*, 97 Mass. 361; *Lake v. Milliken*, 62 Me. 240; *Clark v. Chambers*, 3 Q. B. L. R. 327; *Pierce v. Conners*, 20 Colo. 178.

It is further insisted by counsel for appellant that the injuries complained of were not the natural and probable consequence of their supposed negligence, and that it was not their duty to guard against unforeseen consequences. Whether or not the injurious consequences that did result

from their negligence in this case were such as they ought reasonably to have foreseen, was a question of fact; and in the instruction above quoted was submitted to the jury for their determination. As was said in the case of *Lane v. Atlantic Works, supra:*

" Whether in any given case the act charged was negligent, and whether the injury suffered was, within the relation of cause and effect, legally attributable to it, are questions for the jury. They present oftentimes difficult questions of fact, requiring practical knowledge and experience for their settlement, and where there is evidence to justify the verdict, it cannot be set aside as matter of law. The only question for the court is, whether the instructions given upon these points stated the true tests of liability."

We deem it unnecessary to specifically discuss the errors assigned upon the giving and refusing of instructions. While some of those asked by the appellant, and refused by the court, correctly state the law, the same propositions were included in the general instructions given by the court, which we think fully and fairly stated the law of the case.

Upon a careful examination of the entire record we find no error intervening to the prejudice of appellant that would justify a reversal of the judgment. The judgment is accordingly affirmed.

*Affirmed.*