John O'Donnell, Respondent, *v.* The East River Gas Company, Appellant.

*Master and servant — duty of the master to furnish proper appliances — it cannot be delegated so as to relieve the master from liability.*

Acts, which the master as such is bound to perform for the safety and protection of his employees, cannot be delegated so as to exonerate the master from liability to a servant who is injured by the omission to perform the act or duty, or by its negligent performance, whether the non-feasance or misfeasance is that of a superior officer, agent or servant or of a subordinate or inferior agent or servant, to whom the doing of the act or the performance of the duty has been committed.

Upon the trial of an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, it appeared that the plaintiff, a day laborer, was directed to assist in cleaning out a boiler which stood within a few inches of another boiler which was under steam; that he stood upon a platform holding the nozzle of a hose from which water was being forced into the tubes of the boiler which was not in use, and that in a few moments an explosion occurred by which he was injured. It further appeared that the hose used was attached to a fire hydrant connected by a pipe with a steam pump from which a pipe ran to the East river; that the latter pipe and pump were used to pump naphtha from boats and also to pump water from the river; that, although it was customary to wash the naphtha from the pipe there was a depression in it where naphtha sometimes stood, and that at times small quantities of naphtha remained in the pump.

The engineer testified that naphtha had been pumped about a week before the accident and that he had neglected to wash out the pipe before attempting to clean the boiler, and the testimony permitted the conclusion that naphtha, which had remained in the pipe and pump, was carried through the hose into the tubes of the boiler and that there coming in contact there with the heat from the other boiler, it had caused the explosion.

*Held,* that the pump, suction pipe and hose, being the appliances with which the plaintiff was to do the work of cleaning the boiler, it was the duty of the defendant to see that they were in a reasonably safe condition when they were delivered to the plaintiff;

That this duty could not be delegated, and that, if the engineer undertook it, he represented the defendant; and if it was negligently performed, the defendant was liable.

Appeal by the defendant, The East River Gas Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Queens on the 19th day of April, 1895, upon the verdict of a jury rendered after a trial at the

Queens County Circuit, and also from an order entered in said clerk's office on the 25th day of April, 1895, denying the defendant's motion for a new trial made upon the minutes.

*William J. Kelly* and *Alfred A. Gardner*, for the appellant.

*Henry A. Monfort*, for the respondent.

BROWN, P. J.:

This action was brought to recover damages for personal injuries sustained from the explosion of a boiler. The plaintiff was employed by the defendant as a day laborer, and upon the day of the accident was directed by the foreman of the defendant to assist in cleaning out one of two boilers standing side by side within a few inches of each other. The other boiler at the time of the accident was in use, working under a pressure of about fifty pounds of steam. Plaintiff stood upon a platform about five feet from the ground, holding the nozzle of a hose from which water was being forced into the tubes of the boiler. Within a few minutes after commencing the work an explosion occurred, the plaintiff was thrown to the floor of the boiler room, and received the injuries complained of. A similar explosion had occurred immediately previous while the engineer was engaged in cleaning the boiler with the same hose, but the plaintiff had no knowledge of that fact at the time he was directed to perform the work.

It appeared from the testimony that the hose used was attached to a fire hydrant which was connected by a pipe with a steam pump. From this pump a four-inch pipe ran to the East river. This pipe and pump were used every two or three weeks to pump naphtha, from which the defendant manufactured gas, from boats on the river to a tank in the defendant's yard. They were also used to pump water from the river, and it was customary, after pumping naphtha, to wash out the pipe by pumping water through it. As originally laid the pipe drained into the river, but there was testimony which tended to show that about half way between the pump and the river it had become sagged, so that naphtha could stand in the pipe, and it also appeared that after pumping small quantities of naphtha would remain in the pump unless it was washed out. The engineer testified that naphtha had been pumped about a week before the accident, and

that he had neglected to wash out the pipe before attempting to clean the boiler.

The testimony permitted the conclusion that naphtha which had been permitted to remain in the pipe and pump was carried through the hose into the tubes of the boiler, and there, coming in contact with the heat from the other boiler, caused the explosion.

The appellant's contention is that this was due to the negligence of the engineer, who was a fellow-servant of the plaintiff, and that, therefore, the defendant is not liable for the result of the accident.

A discussion of decided cases upon this branch of the law is never profitable. There is little room for disagreement as to the general principles of law applicable to the relation of master and servant. The difficulty always arises in their application to the particular case before the court.

In our opinion the evidence presented a case where the employer failed to provide the servant with a proper appliance or instrument to perform the work he was directed to do. The plaintiff was directed to clean the boiler. The pump, suction pipe and hose were the appliances with which that work was to be done. The defendant's duty was to see that they were in a reasonably safe condition when they were delivered to the plaintiff. That duty could not be delegated. Whoever undertook it represented the defendant, and if it was negligently performed the defendant was liable for the result of that negligence.

The rule applicable to the case is stated clearly in *Fuller* v. *Jewett* (80 N. Y. 46–52) as follows : " We understand the principle of these cases to be that acts which the master, as such, is bound to perform for the safety and protection of his employees, cannot be delegated so as to exonerate the former from liability to a servant who is injured by the omission to perform the act or duty, or by its negligent performance, whether the non-feasance or misfeasance is that of a superior officer, agent, or servant, of a subordinate or inferior agent or servant to whom the doing of the act or the performance of the duty has been committed. In either case, in respect to such act or duty, the servant who undertakes, or omits to perform it, is the representative of the master, and not a mere co-servant with the one who sustains the injury. The act or omission is the act or omission of the master, irrespective of the grade of the servant whose

negligence caused the injury, or of the fact whether it was or was not practicable for the master to act personally, or whether he did or did not do all that he personally could do by selecting competent servants, or otherwise to secure the safety of his employees."

We are of the opinion that the case was in all its aspects one for the jury, and that the damages were not excessive.

The judgment must be affirmed, with costs.