(20 App. Div. 251.)

### SIMMONS v. PETERS.

(Supreme Court, Appellate Division, Fourth Department. July 29, 1897.)

1. MASTER AND SERVANT—NEGLIGENCE—EVIDENCE.
    Where defendant's servant was injured on a dark morning by walking through an open door leading to an elevator used by defendant's servants, the jury might consider, on the question of defendant's negligence, his failure to have the gas lighted in the passageway leading to the elevator.
2. SAME—DUTIES OF MASTER—DELEGATION.
    The only object of lighting the gas being to furnish the employés reasonably safe means of access to the elevator, the duty of having it lighted could not be delegated by defendant to a subordinate.
3. SAME—NEGLIGENCE—PROVINCE OF JURY.
    Where there was evidence that the door would have closed automatically under the circumstances, if it had been such a door as defendant was required to provide by Laws 1887, c. 462, § 8, it was proper to refuse to charge that the absence of the attachment required by statute did not contribute to the injury, and had nothing to do therewith.

Appeal from trial term, Onondaga county.

Action by Sarah M. Simmons against Catharine A. Peters to recover damages for personal injuries. From a judgment in favor of plaintiff for the sum of $4,674.21, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before HARDIN, P. J., and ADAMS, GREEN, and WARD, JJ.

W. S. Andrews, for appellant.
Horace White, for respondent.

ADAMS, J. Upon a former appeal in this action it was held by the general term in the Fourth department that the evidence presented questions of fact respecting the negligence of both parties which should have been submitted to the jury, and that in taking the case

from the jury the trial court committed an error which required a reversal of the judgment of nonsuit. Simmons v. Peters, 85 Hun, 93, 32 N. Y. Supp. 680. See, also, Tousey v. Roberts, 114 N. Y. 312, 21 N. E. 399. The case now comes up for a second review with no material change in the facts, nearly all of the evidence presented to the jury upon the last trial having been read from the printed appeal book. It is apparent, therefore, that the trial court was fully justified in submitting the case to the jury, and we are of the opinion that the evidence is amply sufficient to sustain the verdict rendered. It is insisted, nevertheless, by the learned counsel for the appellant, that a new trial should be granted in consequence of the alleged erroneous refusal of the trial court to charge in accordance with certain requests made at the close of the trial. These requests present but one or two questions which have not already been passed upon, and these we think are quite free from embarrassing complications.

It appears that at the time the plaintiff fell into the elevator shaft it was quite dark, and that the gas was not lighted. It also appears that gas fixtures were furnished by the defendant, and that in the winter time they were usually lighted by one Schindler, a co-employé of the plaintiff. The learned trial justice submitted to the jury, as one of the circumstances which might be considered upon the question of the defendant's negligence, the failure to have the gas lighted; but at the same time he was very careful to say, both in the body of his charge as well as in response to a request of counsel, that the absence of these lights did not necessarily establish negligence. After the jury had been thus instructed, the defendant's counsel requested the court to charge them that the absence of lights did not tend to establish negligence upon the part of the defendant; and also that, inasmuch as gas fixtures had been furnished, and it was the duty of Schindler to light them, his omission to do so was the negligence of a co-employé, and not that of the master. The court refused to charge in the language of these several requests, and to such refusal the defendant's counsel duly excepted. It is made apparent, by reading the entire charge of the learned court, that the absence of these lights was referred to in a very casual manner, and that it was not regarded as anything more than a slight circumstance to be taken account of by the jury. Still it was a circumstance which they had a right to consider as bearing more or less directly upon the question of the defendant's negligence, and the court was, therefore, justified in refusing to instruct them that it did not tend to establish negligence.

As respects the other branch of the question raised by these requests, we think there are two complete answers to the defendant's position. In the first place, it does not satisfactorily appear that an attempt had been made to delegate the duty of lighting the gas to an employé. The most that can be said in support of this proposition is that Schindler usually lighted it in the winter time, and this accident to the plaintiff did not occur until April. But, even if Schindler was remiss in his duty, this did not exonerate the defendant, for the only object of lighting the gas was to furnish the employés of the latter with a reasonably safe means of access to the elevator; and this was a duty which she could not delegate to a subordinate. Pantzar v.

46 N.Y.S.—51

Mining Co., 99 N. Y. 368, 2 N. E. 24; Benzing v. Steinway, 101 N. Y. 547, 5 N. E. 449; Bushby v. Railroad Co., 107 N. Y. 374, 14 N. E. 407; O'Donnell v. Gas Co., 91 Hun, 184, 36 N. Y. Supp. 288. The case of Kaare v. Iron Co., 139 N. Y. 369, 34 N. E. 901, relied upon by counsel, involves quite a different question from the one we are now discussing. Upon the trial it was conceded that the defendant had omitted to provide her elevator with an automatic attachment in compliance with the provisions of section 8 of chapter 462 of the Laws of 1887, which requires that:

"It shall be the duty of the owner," etc., "of any manufacturing establishment where hoisting shafts or well holes are used to cause the same," etc. "It shall also be the duty of the owner," etc., "to provide * * * such proper trap or automatic doors, so fastened in or at all elevator ways as to form a substantial surface when closed, and so constructed as to open and close by action of the elevator in its passage, either ascending or descending."

In submitting the case to the jury the learned trial justice alluded to this omission, but stated in language that was not capable of misapprehension that it had nothing whatever to do with the plaintiff's right to recover, unless it directly contributed to the accident of which she complains. At the conclusion of the charge the court was asked to instruct the jury that the absence of the automatic attachment did not contribute to the plaintiff's injury; and, further, that its absence, in the circumstances of this case, had nothing to do with such injury. These requests were both declined, and the defendant's counsel duly excepted. We think neither of these exceptions presents error. It is true that upon the occasion when the plaintiff received her injury the door to the elevator had been opened by one Brown, who was in the defendant's employ; and that while it remained open the elevator car was at the top of the building. But it appears by the evidence of the witness Guetig, who was called as an expert, that if the proper attachment had been provided the door would have closed automatically, even under these circumstances, unless Brown had held it open, and it is by no means clear that he did so. It is difficult to see, therefore, upon what theory this element of negligence could have been properly withheld from the jury. McRickard v. Flint, 114 N. Y. 222, 21 N. E. 153; Freeman v. Paper-Mill Co. (Sup.) 15 N. Y. Supp. 657. The case, it seems to us, was carefully tried, and the various questions presented by the evidence were all submitted to the jury in such a manner as to deprive the defendant of any right to complain. We therefore think the judgment and order appealed from should be affirmed.

Judgment and order affirmed, with costs. All concur.