Rose Tousey, Respondent, v. Lewis Roberts, Appellant.

An elevator in a building, for the carriage of persons, is not supposed to be a place of danger, to be approached with great caution; on the contrary, it may be assumed, when the door is thrown open by an attendant, to be a place which may be safely entered without stopping to look, listen or make a special examination.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, these facts appeared: Plaintiff's husband leased of defendant an apartment in an apartment-house owned by him in the city of New York. The usual mode of going to and from said apartment was by an elevator operated by defendant for the accommodation of the occupants. The door through which the elevator car was entered on the ground floor was so constructed that it could be opened by a person standing in the hallway. Plaintiff entered the hallway from the street between

6 and 7 P. M.; there was no artificial light in the hallway; as she approached the elevator the door was thrown open by a boy who, plaintiff's witnesses testified, had frequently run the elevator. She stepped through the doorway and, as the car was above, she fell to the bottom of the shaft and was injured. *Held,* that a motion for a nonsuit was properly denied; and that the evidence justified a verdict for plaintiff.

The court, after it had stated to the jury that there was no evidence that the boy was employed by defendant, charged that, although he was not a servant, it might be a question for them whether defendant should not have exercised such supervision over the building as to make it impossible for the boy to'do acts from which the tenant might have derived the impression that he was such a servant. *Held,* no error.

The case showed that defendant requested the court to charge six propositions set forth; it did not show what disposition was made of them. There was an exception " to each and every refusal of the court to charge each and every proposition requested by defendant's .counsel." *Held,* that the exception was not available.

Reported below, 21 J. & S. 446.

(Argued April 26, 1889; decided May 3, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 2, 1886, which affirmed a judgment in favor of plaintiff, entered upon a verdict.

This action was brought to recover damages for injuries alleged to have been caused by defendant's negligence.

The material facts are stated in the opinion.

*Norman T. M. Melliss* for appellant. The plaintiff was guilty of contributory negligence, as a matter of law, in stepping into the shaft under the circumstances, the hallway being light, the elevator making considerable noise in coming down and she not looking before she stepped in. (*Solomon* v. *Manhattan R. Co.,* 103 N. Y. 443 ; *Glendenning* v. *Sharp,* 22 Hun, 78 ; *Woodward* v. *N. Y., L. E. & W. R. R. Co.,* 106 N. Y. 369 ; *Young* v. *N. Y., L. E. & W. R. R. Co.,* 107 id. 500 ; *Cahill* v. *Hilton,* 106 id. 512, 522.) It is undisputed that the boy who opened the door of the elevator shaft and thereby brought about the injury to the plaintiff was not in the employment of the defendant, nor had he been employed

by anybody in behalf of the defendant. His act, therefore, was not the defendant's act. (*Stevens* v. *Armstrong*, 6 N. Y. 435; *Edwards* v. *Jones*, 67 How. Pr. 177.)

*William H. Townley* for respondent. The case was properly submitted to the jury. (*Dawson* v. *Sloan*, 49 Super. Ct. [J. & S.] 304; 100 N. Y. 620.) As a tenant plaintiff had a right to all the precautions as to the safety of the well-shaft which could be given to her. To open the door was to invite her to enter. (*Glushing* v. *Sharpe, Recr.*, 96 N. Y. 676.) It was negligence on the part of the landlord to suffer a state of things to exist which would leave the door of his elevator shaft in a condition to be opened from the outside by any boy or man who chose to. (*Althorf* v. *Wolfe*, 22 N. Y. 364.) Agency can be inferred from circumstances. Where one habitually acts, or is suffered to apparently act for another, or that other permits or acquiesces in such acts as to third parties, the proof of agency is sufficient. (*Althorf* v. *Wolf*, 22 N. Y. 364, 385; *Gleason* v. *Amsdell*, 9 Daly, 393.)

FOLLETT, Ch. J.   In 1883, the defendant owned a house on West Fifty-sixth street in the city of New York, known as "The Winfield," which was divided into apartments. The plaintiff's husband had a written lease from the defendant of an apartment on the fourth floor, in which the plaintiff and her husband dwelt. The usual mode of going to and from this apartment was by an elevator which was operated by the defendant for the accommodation of the occupants of the building. The elevator shaft extended seven feet below the ground floor. The door through which the car was entered from this floor was so constructed and fastened that it could be opened by persons standing in the hallway. Between six and seven o'clock in the afternoon of May 7, 1883, the plaintiff, accompanied by a lady, entered the hallway from the street, walked towards the elevator, and as she approached it the door was thrown open, she passed through and the car being above, she fell to the bottom of the shaft, sustaining external and internal injuries. This action is for the recovery of the

damages sustained, and it is alleged in the complaint : (1) that the hallway on the ground floor which led to the elevator was not lighted; (2) that the door through which the car was entered from the hallway was fastened so it could be opened from the hallway; (3) that defendant employed or permitted a boy to run the elevator who negligently opened the door and thereby invited the plaintiff to pass through when the car was in the upper part of the shaft.

It was conceded at the trial that at the time of the accident there was no artificial light in the hallway ; but whether it was then so dark that a light was required was a disputed fact.   It was also conceded that the door through which the car was entered from the hallway could be opened from the hallway, and that upon the occasion in question it was so opened by a boy by the name of Reilly, a younger brother of the person employed by the defendant to run the elevator.   Witnesses called by the plaintiff testified that young Reilly had run the elevator on many occasions before the accident; while the witnesses called by the defendant testified that he had never run it.   The defendant insisted that the plaintiff contributed to the accident by failing to observe that the car was not in place ; urging that if she had looked attentively she could have seen that it was absent, or if she had listened that she could have heard it descending from above.

At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that no negligence had been shown that was attributable to the defendant, or to any of his employes ; and when both parties rested the defendant asked the court to direct a verdict in his favor upon the ground above stated, and upon the further grounds, that young Reilly was not defendant's employe; and that the plaintiff was guilty of contributory negligence in not looking before she walked through the door.   Both motions were denied and the defendant excepted.   In this there was no error.   The defendant assumed to operate the elevator for the benefit of his tenants, and he was required to exercise due care for their safety, and was liable to his tenant for the negligence of his employes in

operating the elevator. The evidence was sufficient to sustain a finding that young Reilly had run the elevator on so many occasions that the plaintiff was justified in assuming that he was employed by the defendant in that service; and, also, to sustain a finding that this practice of young Reilly was known, or should have been known, to the defendant's son, who had the general supervision of the building, and to the engineer employed in and who superintended the building and the running of the elevators, with power to employ attendants. For their neglect the defendant is liable. And so, also, was the evidence sufficient to justify the jury in inferring that the hallway and elevator should have been lighted. The door to the car of the elevator being thrown open by a boy who had been accustomed to throw it open, it was not, as a matter of law, contributory negligence in the plaintiff to pass through the door without stopping to look and listen. An elevator for the carriage of persons is not, like a railroad crossing at a highway, supposed to be a place of danger, to be approached with great caution; but, on the contrary, it may be assumed, when the door is thrown open by an attendant, to be a place which may be safely entered without stopping to look, listen or make a special examination.

The court instructed the jury that there was no evidence that young Reilly was employed by the defendant, and then said: "But though he was not such a servant, it may be a question for you whether the defendant should not have exercised such supervision over the building as to make it impossible for that brother to do acts from which the tenants might have derived the impression that he was such a servant." To this the defendant excepted. The court did not go beyond the law in directing the jury to determine, as a question of fact, whether the defendant should not have exercised sufficient supervision over his building to have prevented this young and unauthorized boy from acting as, and creating the impression that he, in fact, was, an attendant at the elevator.

The case shows that the defendant requested the court to charge six propositions, which are set forth, but it does not

show what answer the court made or how it disposed of them. But two exceptions were taken to the charge, one to the instruction as to the supervision of the building, which has been discussed, and the following: "Defendant's counsel also excepts severally to each and every refusal of the court to charge each and every proposition requested by defendant's counsel." It is urged that the refusal to charge the first and second of the six propositions was error. It is sufficient to say that the case does not show that the court refused to charge any one of the requests. The exception above quoted did not point out wherein defendant's counsel conceived the court to have erred, and thus given an opportunity for correction, for which reason it is unavailing. (*Walsh* v. *Kelly*, 40 N. Y. 556; *Requa* v. *City of Rochester*, 45 id. 129; *Harwood* v. *Keech*, 4 Hun, 389; *S. C.*, 6 T. & C. 665; *Beaver* v. *Taylor*, 93 U. S. 46.)

No exceptions were taken to the rulings admitting or excluding evidence, and the record disclosing no error, the judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., who concur in result.

Judgment affirmed.