(83 App. Div. 42.)

## WOLF v. DEVITT.

(Supreme Court, Appellate Division, Second Department. May 7, 1903.)

1. INJURY TO SERVANT—NEGLIGENCE—EVIDENCE—SUFFICIENCY.

　　Plaintiff, defendant's servant, was injured by falling into an elevator shaft which he was approaching under direction of defendant's manager; stating that the elevator was in position at the floor, and ordering plaintiff to go down to the cellar for some potatoes. The approach to the elevator was dark, and the elevator had been moved from its position at the floor from which he sought to enter it, and the gate usually in front of the shaft had fallen down into it. *Held*, that the evidence justified a finding that defendant was negligent.

2. SAME—CONTRIBUTORY NEGLIGENCE.

　　Evidence did not establish contributory negligence as a matter of law.

　　Goodrich, P. J., and Woodward, J., dissenting.

Appeal from Special Term, Westchester County.

Action by Frank Wolf against John J. Devitt. From an order setting aside a verdict in favor of plaintiff, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Emerich Kohn (Abraham Brekstone, on the brief), for appellant.
John F. Brennan, for respondent.

WILLARD BARTLETT, J. In this case the learned trial judge has set aside a verdict in favor of the plaintiff on the ground that the proof failed to establish the negligence of the defendant, or the plaintiff's freedom from contributory negligence. I am of opinion that the evidence suffices to sustain the verdict on both issues.

The plaintiff, who was in the employ of the defendant, was injured by falling into an elevator shaft which he was approaching pursuant to a direction from the defendant's manager to go down to the cellar of the building in which the elevator was situated, and bring up three barrels of potatoes with the elevator. The approach to the elevator shaft was dark, the nearest light being 20 feet away; and the testimony of the plaintiff authorizes the inference that the accident was caused by the fact that the elevator had in some manner been moved from its position at the floor from which he sought to enter it, and that the gate which ordinarily protected the shaft in front of the elevator had fallen down the shaft. It is to be observed that the manager of the defendant's business, in directing the plaintiff to go down and get the potatoes, said: "The elevator is right straight at the floor. Go down and get the potatoes." Here we have a specific direction which clearly contemplated the use of the elevator by the plaintiff, accompanied by an express assurance to the plaintiff that the elevator was in a position in which he might safely enter the shaft. It can hardly be held, as matter of law, that a servant seeking to obey the directions of a master, and relying upon his assurance that the conditions would allow him to do so with safety, can be deemed to have assumed the risk which resulted in injury, or to have been guilty of contributory negligence; and, on the other hand, it seems to me that negligence on the part of the master can well be predicated upon his failure, under the circumstances, to provide the servant with a safe place in which to do the work which his representative directed the servant to perform.

In my opinion, the learned trial judge was right in denying the motion to dismiss, and in leaving the issues to the jury, as he did, in an extremely fair and well-considered charge. I think that the order setting aside the verdict was erroneous, and that it should be reversed, and the judgment reinstated.

Order setting aside verdict reversed, with costs, and judgment directed upon the verdict in favor of the plaintiff. All concur, except GOODRICH, P. J., and WOODWARD, J., who dissent.