It appears in testimony that the defendant -in error, entering the hall on his way to the elevator to go up to the offices of The *70 American Suspender Company on the third floor, passed the elevator man, who was seated in a chair near the front of the hall, and the latter got up and followed immediately behind him. Finding, as he testifies, the elevator door open, and assuming from the circumstances stated that the elevator was there ready to ascend, the defendant in error stepped into the shaft and fell to the bottom, sustaining severe injuries. It was also shown that the elevator, being out of order, had crept upward without the knowledge of the attendant, who admits that he did not see that the elevator was not in place, and nearly fell into the shaft himself after the defendant in error; but he also testified that the door was only partially open, and that defendant in error shoved it entirely back in order to pass through.
The defense was that the defendant in error was a mere licensee, using the elevator by permission only, and that by the terms of the leases to tenants the plaintiff in error was obligated to carry only the tenants and not their employes; but it was conceded that no such limitation was ever communicated to the defendant in error, who had frequently used the elevator, and that no objection was ever made.
‘ Various objections are alleged in the petition in error, but the stress of the argument before us on behalf of the plaintiff in error was upon these propositions, viz.:
(1) That Breuer owed no duty to the defendant in error to guard the elevator shaft or pit; and (2) contributory negligence on the part of the defendant in error.
The question upon the first of these propositions was one for the jury under all the circumstances of the case. It was not shown that any limitations in the terms of the lease between Breuer and The American Suspender Company, who were tenants, covering the use of the elevator, were ever communicated to defendant in error, or that any explanatory notices were posted in or about the elevator or its approaches, or that defendant in error was made aware of any limitations. The testimony showed that the elevator was in use apparently for the convenience and use of tenants and others having business with them, and that it was so used, and had been freely used by the defendant in *71 error and other employes for a long time previously. The court charged properly as to the burden of proof upon plaintiff below to show that he was rightfully upon the premises, was not a trespasser or intruder or mere licensee, and that in determining the question, the jury should consider all the testimony bearing on the relation of the parties. The testimony satisfies us that the implied finding of the jury was correct upon the testimony adduced, and we find no error upon this point to the prejudice of the plaintiff in error.
The second objection, namely, the question of -contributory negligence on the part of the defendant in error, was a close one upon the facts, but the charge of the court seems to us fair and well guarded upon the point, and we find no error in the disposition of the ease upon this point by the trial court. The plaintiff below testified that he had come into the hallway at a somewhat rapid pace, passed the elevator man, who was seated upon a chair near the door, and who immediately got up and followed him, and that finding the door to the elevator open, he stepped into the shaft and fell. He was asked the following questions on cross-examination:
“Question. Did you look or feel to see whether the elevator was there?
“Answer. No, sir.
“Question. You didn’t look?
“Answer. No, sir.”
He then described the conditions, showing, among other things, that the* back part of the hallway where the elevator was located was somewhat dark, and that the door being open, he could see that the elevator was there, and stepped in. On re-examination he further testified that at the moment of stepping into the shaft he was looking straight ahead, and did not see that the elevator was not there; that there was nothing to call his attention to that fact; and that this was the reason why he assumed it to be there; and that the attendant was following right behind him, that he heard his footsteps and knew instinctively that he was following.
The elevator man corroborates the statement of circumstances, substantially, although he states that the door to the shaft was *72 but partially open. In this connection counsel for plaintiff in error calls attention to what is termed a “vital” error in the exclusion of certain testimony. After testifying that the place was semi-dark, the plaintiff below was asked the following question: “Well, if you had looked, you would have seen that the elevator wasn’t there?” This was objected to as incompetent and argumentative, and the objection was sustained by the court and exception taken. Assuming the action of the court in sustaining the objection to have been erroneous, which we do not concede, was- it prejudicial to the excepting party ? Suppose the question should have been allowed and the answer should have been “yes.” The case would then be substantially on all fours with Building Company v. Klussman, decided by the Circuit Court of Lucas. County, October 31, 1903, and reported in 2 C. C. — N. S., 83, wherein the court say:
“It is apparent that if the plaintiff had made careful observation, he would have discovered that there was no elevator cab at this point at that time. * * * * Now it does not appear from the authorities that one is required — one who has a right to ride upon an elevator — to make full, • complete and attentive observation, but if he finds the door leading to the cab, or where the cab ought to be, open, he is at liberty to assume its presence and to rely, to some extent at least, upon its being there. We are not prepared to say that one might walk blindly into a place of that kind without looking at all and yet be free from negligence; but if a hasty and cursory observation of the situation would lead one to suppose that the cab was there, we do not believe that under the authorities he would be charged with negligence if he proceeded upon that assumption. It is clear that this is what the defendant did here. He supposed the cab was there; he did this because of the door being open and because of the general appearance of things not' attracting his attention to the fact that the cab was not there. Of course, if he had looked carefully down toward the floor, he would have observed that there was no floor there for him tq step upon.”
The circuit court here cites Tousey v. Roberts, 114 N. Y., 312, as follows:
“An elevator in a building for the carriage of persons is not supposed to be a place of danger to be approached with great caution. On the contrary, it may be assumed, when the door is *73 thrown open by an attendant, to be a place which may safely be entered without stopping to look, listen, or make a special examination. ’ ’
8. G. Strieker, for defendant in error.
A. B. Benedict, for plaintiff in error.
The substantial identity of these cases with that at bar upon the facts will be apparent, and the views of the law expressed by the circuit court upon the facts and authorities, commend themselves to our judgment. And if they be correct, it is manifest that the exclusion of the testimony in question could not have affected the verdict of the jury.
Taking the charge as a whole, it seems to us to have been carefully considered and fairly put, and that the plaintiff in error has no reason to complain of it. From a careful examination of the testimony, we are satisfied that he was entitled to the rights of an ordinary passenger rightfully using the elevator, and was not guilty of contributory negligence under the circumstances, and under the authorities.
But we are of the opinion that the ruling of the court sustaining the objection to the question noted was correct. The question was so vague that it was impossible for the witness to answer it: “Well, if you had looked, you would have seen the elevator wasn’t there?” The question has no reference to any particular moment of time nor any particular distance from the elevator, and therefore has no meaning.
The contention is made that the witness should have been obliged to answer the question, for the reason that if he had made the statement involved in affirmative answer to the question, such statement would have been admissible against him as an “admission against interest,” and therefore he may be asked the question. But such a test is not the true one to determine the competency of a question to a witness who is a party to a case. Suppose the witness had stated some time after the accident that he had been guilty of contributory negligence; this statement would be admissible against him as an admission, yet it would not be competent to put to the witness the question: Were you guilty of contributory negligence?
Judgment affirmed.
Pfleger, J.
This was an action brought by Frank v. Breuer to recover damages for injuries sustained because defendant negligently permitted a passenger elevator to ascend, causing plaintiff to step through an open elevator door precipitating him to the cellar below. Breuer was the owner of the building, and Prank was an employe of a tenant in this building. The lease between Breuer and the employers of the plaintiff provided that the elevator should not be used by the employes. This provision was unknown to the plaintiff, who had used this elevator many times without objection on the part of Breuer.
Counsel for the plaintiff in error moved the court below to enter judgement in his favor because Frank was a mere volunteer or trespasser and that Breuer owed him no duty. Among others twd Ohio eases are relied upon to support thid contention.
Railroad Co. v. Aller, 64 O. S., 183, decides that where a passenger had passed the ticket office of the railroad company located on a platform, and such passenger continued to walk on said platform, not for the purpose of taking a train, but as a foot-man- to reach a point of destination, and such passenger stepped off at a dangerous place and was injured, he used the platform for his own purpose and not connected with the business of the company and that he was therefore a mere volunteer and trespasser present by suffr.ance; that mere trespassers and licensees were not entitled to receive reasonable care at the hands of the company in the operation of its business. Upon page 191 the court said that the platform invited passengers to use it for that purpose, and that if the plaintiff had been injured while making his way to the ticket office and the waiting room instead of some purpose of his own, he could have recovered.
Railway Company v. Workum, 66 O. S., 509, was a ease where an employe hired to light lamps had for his own convenience taken a “speeder” or three wheeled car on the track and was killed. The Supreme Court held that he was a mere licensee and that the company did not owe him a duty to signal or to look out and protect him, but was only required to exercise *75 reasonable care in avoiding injury to him after discovering him upon the track. It distinguishes the case from that of Harriman v. Railroad Company, 45 O. S., 11, in which no inducement or invitation was held out to the deceased. On page 540 it is stated that a bare licensee without invitation expressed or implied assumed all risks incident to the use of the tracks of the company, and the company assumed no duty towards him to keep such place safe and protect him.
These cases appear to support the obligation of reasonable care toward persons who are upon defendant’s premises by invitation or inducements, either express or implied.
It was shown by testimony in the case at bar that the building was occupied by business tenants who. as a matter of necessity were compelled to invite and induce others to visit them on the premises. A passenger elevator was provided, and a sign at the front entrance indicated the location of it. This elevator was as much if not more than the stairway the natural and ordinary means of reaching the upper floors. The employe was not bound by anything contained in the lease which was unknown to him. He had been using the elevator as a licensee, as did the other office employes, without objection from the landlord, and with at least an implied invitation or inducement. The plaintiff was on this occasion on a necessary errand to his employers, and was in no sense a trespasser; the landlord owed him the duty of exercising reasonable care and the failure so to do made him liable. The motion to enter judgement in favor of the defendant upon the ground stated was therefore properly overruled.
I find no error in giving certain special charges which were excepted to, nor in the refusal to give others.
There is, however, error in ruling out a certain question put by defendant’s counsel to the plaintiff Frank on cross-examination. The plaintiff testified that there was some defect in his eye-sight and that the hall leading to the elevator was in semi-darkness. He had stated at one point that he did not see the elevator there. The cross-examiner asked him: “Well, if you had looked you would have seen the elevator wasn’t there?” The court sustained the objection on the ground that *76 this was calling for an opinion and not for a statement of fact. It is true that his own counsel on re-direct examination and by a leading question elicted the same information that the cross-examiner was calling for. The surrounding facts and circumstances were unknown to the jury and it was proper to show what these were so as to determine whether or not the plaintiff had exercised due care himself.
In Casey v. N. Y. Central R. R. Co., 6 Abb. New Cases, 124, a witness was asked if he was in a position where if the bell had rung he could have heard it, and he answered that he was. This the court held was testifying to a fact and not to an opinion. The court said it was often difficult to determine the line of demarkation which separates an opinion from a mere statement of fact, and that the evidence cited was in its judgment a mere statement of fact.
It would seem at first blush as if this might not be serious; but upon reflection it will be found that the right to a full cross-examination of a party who is charged with contributory negligence was improperly curtailed. It would have been relevant to have shown an admission out of court that if he had looked he could have seen the elevator was not there and that he walked into this space blindly. If this can be testified to indirectly by other persons as a declaration against interest, it certainly would have been admissable and have had more force if stated in open court while the plaintiff was on the witness stand and under oath. As it is unnecessary on cross-examination to have the record show what the answer would have been, the court has the right to, assume that the answer to the question was unfavorable and showed gross negligence.
The refusal of -the court to permit this question to be answered was therefore prejudicial error, notwithstanding the fact that his own counsel by leading questions elicited answers on re-direct examination favorable to the plaintiff on this point.
For the reasons given, I think the judgment should be reversed and the action remanded for a new trial.