*582 Plaintiff in error was defendant below. The action was for damages for injuries sustained by falling through an elevator shaft on premises owned by plaintiff in error.
The facts may be briefly stated, as follows: Defendant in error was a traveling salesman employed by a company that was a tenant of Breuer and occupied one of the upper floors in the building where the elevator in question was located. Breuer, the owner of the building, operated and controlled the elevator; on the day of the accident defendant in error came into the hallway of the building; he saw the elevator man sitting on a chair in the hallway; the man got up and followed Frank to the elevator; Frank walked directly to the elevator with the elevator man close behind him; he was so close behind him “he almost came on top of me”: the door of the elevator was “wide open,” and Frank was looking “straight ahead”; Frank stepped forward, expecting to step into the cab, but instead stepped into an open space. The cab, it seems-, was not in its place but had crept up the shaft; the hall wias “semi-dark”; as a result plainiff below was precipitated to the bottom of the -shaft and suffered permanent injuries; the verdict was for nine thousand six hundred -and seventy-five dollars ($9,675), and in due course judgment was rendered upon the verdict.
Error is prosecuted to this court, and it is claimed that the verdict is grossly excessive; that the court erred in its general charge, and in refusing to give certain special charges requested by plaintiff in error.
It is earnestly contended by plaintiff in error, that the court erred in its general charge. At pages 363-4 of the record the court used the following language:
“If the plaintiff was rightfully entitled to the use of the elevator, then the defendant owed to the plaintiff the duty of having the elevator so constructed and -operated as that one could use it with safety, and' if you should find from the testimony the elevator was in good condition at the time of the accident, in good repair, not out of repair; that the conduct of the operator was in all respects what it should have been; 'that there was no negligence anywhere on the part of the defendant or -his employes; that the accident was caused entirely by the want of due *583 care on the part of the plaintiff, then, of course, the plaintiff can not recover. ’ ’
Plaintiff in error argues, that if the combined negligence of plaintiff and. defendant caused the accident, there can be no recovery, but that this charge, in effect, instructs the jury that there can be no recovery, if the defendant is free from negligence, unless the injury is caused entirely by the negligence of the plaintiff. We do not think the language used by the court warrants the interpretation of the learned counsel for plaintiff in error. In that part of the charge immediately preceding, the court correctly instructed on contributory negligence, and, without attempting to in any way qualify or limit that which had been previously said on that subject, the court was proceeding to devote attention to such matters, as went to preclude recovery—not that warranted recovery. This is the obviously plain purport of the paragraph objected to, for the court in so many words says, “if the plaintiff * * * then, of course, the plaintiff can not recover.” Instead of being in any way prejudicial to plaintiff in error, quite the reverse was true, for the court stated the law, if anything, too strongly in favor of plaintiff in error as against defendant in error. It will be observed the court said: “If the accident was caused entirely by want of due care on the part of the plaintiff, then, of course, the plaintiff can not recover.” Counsel objected to the use of the word “entirely.”
Suppose, for the sake of argument, that there had been some negligence on plaintiff’s part, as, for instance, where he had been lulled into believing he was in a place of security, when in fact he was entering a place of danger left open by defendant, or where the plaintiff’s negligence is not the proximate or direct cause of the accident—in such event plaintiff would still have been entitled to recover, and the court in the part of the.charge now criticised as being prejudicial to plaintiff in error, said that “if the accident was caused entirely by want of due care on plaintiff’s part, then, of course, plaintiff can not recover.” Could the jury have been misled to plaintiff in error’s prejudice? The construction for which counsel contends is not only not war *584 ranted by the plain language of the charge, but is not possible at all, unless the charge is read in connection with the word “unless,” which counsel ao-guendo interpolates. If the court were to adopt the construction contended for instead of harmonizing the charge as- becomes its duty, it would.find in this construction a flat contradiction of that which precedes. It is scarcely possible that the court intended to contradict that which it had previously clearly expressed, or that, in view of that which it had said before, in plain unmistakable language, the jury could have misunderstood. "We construe the charge objected to as though the court instructed the jury that the plaintiff could not recover if there was no negligence on the part of the defendant or his employes, or if -the accident was caused entirely by want of due care on the part of the plaintiff. It was not instructing the jury, as plaintiff in error claims, that the plaintiff can recover even though the accident was caused by the combined negligence of plaintiff and defendant, for if there was no negligence anywhere on the part of the defendant, there could be no combined negligence. In addition to which the court had -already pointed out the following: “If upon the full evidence of the case it appears that the injury was caused directly by want of ordinary care by both parties, there can be no recovery, for the law can not apportion between them.” By no implication, unless it be a violent one, aided by the interpolation of words not used by the court, can the charge be interpreted into a condition whereby the plaintiff might recover if combined negligence existed. Considering what preceded, it was simply a recital of a certain state, of facts- that would debar plaintiff from a recovery. In Ohio & Indiana Torpedo Co. v. Fishburn, 61 O. S., 608, the court said:
“A charge to a jury is to be construed as a-whole, and if construing the whole charge the law of the case -appears to have been correctly given to the jury, and in a way that will reasonably enable them to understand the rules of law which they are to apply to the evidence before them, the charge will not be held erroneous simply because every condition to -a recovery of a defense is not embraced in each paragraph, and the paragraph excepted to is not in itself calculated to mislead.”
*585 In Curry v. Cincinnati, 12 Ohio C. C., 736, Swing, Judge, for the court said:
“The charge should be read -as a whole and the parts bar-, monized if possible. It will not do to fish out a clause here and there in a charge -and give them an independent meaning, when, if taken in connection' with other parts of the charge they would have a different meaning. ’ ’
See also Price v. Cobblitz, 21 C. C., 732; Toledo Railway Co. v. Gilbert, 2 C. C.—N. S., 432; Railway Co. v. Haws, 194 Ills., 92; Kunst v. Ringgold, 116 Mich., 88; Liese v. Meyer, 143 Miss. 547; Railway Co. v. Knapp, 173 Ills., 219.
Reading the charge then in its entirety, considering the words and language used -according to their plain- ordinary signification, it becomes, a harmonious whole. On the -other hand, to adopt the construction contended for, as we have already pointed out, necessitates the interpolation of words, and the meaning then -arrived at contradicts- the plain words used by the court and renders the w-ho-le -charge inharmonious and incongruous.
It is also alleged that the court erred in that part, of its general charge wherein it said:
“But if you should find, on the other hand, this elev-ator was out of -order, and by reason of that fact it -crept up to the upper floor, thereby leaving this pit into which a man might stumble, and that the door leading thereto was -open; that the operator whose duty it was to guard that opening was right there; that the man passed him—-then it is for you t-o say whether all these conditions were not such as to excuse any negligence there might have been on his part, and if you find such to be the fact, and the injury was caused by -the negligence -of the defendant, plaintiff is -entitled to recover.” (Record, page 364.)
Plaintiff in error objects to the court leaving it to the jury to say whether the facts and circumstances under which the plaintiff below stepped into the open elevator shaft were such “as to excuse any negligence there might have been on the part of the plaintiff.” But this was simply instructing the jury that it was for them to determine whether the plaintiff, in walking into the open shaft, under the circumstances was justified in assuming that the elevator c-ab was there to receive him. *586 It was equivalent to saying, if you find the door was open * * * * then, under such circumstances it is for you to say whether the 'circumstances were such as to lull him into security, and if so, to excuse his negligence is not looking to see if the elevator cab was there.
Counsel for plaintiff in error contends, that even if it be true that elsewhere in the general charge the law is correctly given, that this does not cure the error arising on the important part of the charge, and that the jury was necessarily misled; that they can not tell which part of the charge to follow, the good or the bad. We have endeavored to show that the parts of the charge given and objected to were not proper, -and We think when read in connection with the entire charge the court fairly stated the law in the ease. Nor do we find anything in P., Ft. W. & C. Ry. Co. v. Krichbaum’s Adm’r, 24 O. S., 119, and R. R. Co. v. Whittaker, 24 O. S., 642, relied on by plaintiff in error, that causes us to view the matter in any different light. The former case is not in point, because in it the defendant requested the court to instruct the jury, “that if the negligence of the deceased contributed to .the injury which caused his death, the plaintiff could not recover, although the defendant was also guilty of negligence.” The court ruled that it was error to exclude the charge because “the jury was wholly uninstructed as to their duty in case they found that the negligence of the deceased operated as one of the causes which directly produced the injury.” In the case before us, the court distinctly charged the jury that there could be no recovery if the negligence of defendant in error operated as one of the causes which directly contributed to the injury. R. R. Co. v. Whittaker is likewise distinguishable. The jury was instructed on contributory negligence that if by the want of ordinary care the plaintiff proximately contributed to the injury “while the defendant was in the exercise of ordinary care in the discharge of its duties in running its train,” the plaintiff could not recover. The court said this was misleading, for it implies that the negligence of the plaintiff would not exculpate the defendant unless ordinary care was exercised on its part (page 652). *587 In the ease before us, taking the charge as a whole, it is difficult to see how the charge could have been misleading, for we have seen the court not only- charged “there could be no recovery if up'on the full evidence it appears- that the injury was caused directly by want of ordinary care by both parties, for the law ■will not’ apportion between them” (siee reico-rd, page 357); but the court went further (see record, page 363), and said, “that there could be no recovery if there was no- negligence on the part of defendant or his- -employes.” And t'he court went still further (see record, page 363), and said, “that there could be no recovery if the accident was caused entirely by want of due care on the part of the plaintiff. ’ ’
Plaintiff in error further objects because the court used the term “excuse” in the charge. The term, “excuse negligence,” is used, as we shall presently show, not without high authority. In Railroad Co. v. Whitacre, 35 O. S., 627, the term “excuse negligence,” is found throughout the opinion, and at page 636-7 the court said—
“A majority of the court after careful examination of the evidence reluctantly come to the conclusion that the jury was not warranted in finding that there existed any reasonable excuse for the plaintiff’s failure- to use -ordinary precautions which the law demands and the plaintiff’s injury is the result of this failure.”
To the same effect is the language- of our circuit court in P., C., C. & St. L. Ry. Co. v. Peters, 1 Ohio C. C., 34, affirmed by our Supreme Court without report, 17 Bulletin, 247. See also Wabash Ry. Co. v. Skiles, 64 O. S., 458, 2d syllabus; Penn. Co. v. Mahoney, 22 Ohio C. C., 469, 481, 486; Thompson on Negligence Vol. 5. par. 6299; Shearman & Redfield on Negligence, Sec. 91; Hough v. R. R. Co., 100 U. S., 224. Of course, it was- not for the jury to excuse any negligence of plaintiff, meaning thereby all the negligence, -of the plaintiff if any existed; for, if that were true, then all that the court had said on combined negligence was said in vain; but there are circumstances, -as already stated, where the law excuses negligence in a plaintiff, -and -the court was stating nothing more nor *588 nothing less than just such circumstances, and' in unmistakable language it said: “It is for you to say whether these circumstances existed.” It is not impossible that the jury could have understood the court to say that they might excuse any and all negligence of the plaintiff. The court distinctly says:
“If, on the oilier hand, you should find certain conditions existed (enumerating them) then it is for you to say whether these conditions (not all conditions but these enumerated conditions) excused any negligence there might have been on his part.”
That the law excuses negligence under certain conditions see Kerwhacker v. C., C., C., R. R. Co., 3 O. S., 195-196; Meek v. Pennsylvania Co., 38 O. S., 632; Kelly v. Howell, 41 O. S., 438. But if, for the sake of argument, we were to- concede that the charge of the court was open to the objections urged by counsel, and that error was committed, we think it was in no wise prejudicial to the plaintiff in error. We have- read the entire record carefully and no where does there appear even a scintilla of evidence tending to show any negligence whatsoever o-n the part of the defendant in error. On the contrary, the evidence to our mind clearly show defendant below was negligent, and construing the evidence most favorably was not entitled to a verdict (Elster v. Springfield, 49 O. S., 82). In Ry. Co. v. Fleming, 30 O. S., 480, syllabus 4, it was said:
“In a case where there is no testimony to show the plaintiff to be guilty of contributory negligence, it is no ground for the reversal of a judgment that the court refuses to charge the jury on the subject of contributory negligence.”
In .the ease before us the court fairly and in our judgment correctly charged the jury on the question of contributory negligence of plaintiff below; still as there ivas na evidence whatsoever tending to show plaintiff below to be guilty of such negligence, defendant could not have been prejudiced, even though the charge was open to the objections claimed. Copeland v. Hewitt, 96 Me., 525, syllabus 5.
It is also urged the court below erred in refusing to give certain special charges requested by the defendant below. The *589 refusal to give Charges No. 1 and No. 2 was proper. These charges implied that, as a matter of law, an elevator is a place of danger. This has been repeatedly passed upon and the contrary view held. Tousey v. Roberts, 114 N. Y., 312; Bank v. Morgolfski, 75 Md., 432; Mortgage Co. v. Reese, 21 Col., 435; Stephens v. Chauss, 15 Canada Supreme Court, 379; Breuer v. Frank, 2 N. P.—N. S., 69.
Charges 3 and 5 were also properly refused. These charges and likewise No. 11 raised questions involving the legal duty owing by Breuer to Frank. The court evidently refused to give the charges upon authority of Breuer v. Frank, 2 N. P.—N. S., 69. The identical question involved arose on -the former trial of this very case, and was passed upon by general term of this court. The Supreme Court, it is true, reversed Breuer v. Frank and remanded the cause for re-trial. Notwithstanding the legal questions involved in these special charges were before that tribunal, the cause was sent back for re-trial solely because of the failure to give a certain special charge, which charge involved the question of contributory negligence (there having been some testimony on the previous trial not appearing in the second trial, that plaintiff below pushed the elevator door open). As our Supreme Court expressed no opinion on the questions raised, and which questions are again involved in these special charges, and as it pointed out no error other than the one involved in the failure to give the special charge referred to, we think that the questions here raised may be .considered as having been properly determined by the general term in 2 N. P.—N. S., 69. The special charges were, therefore, properly refused.
Charge No. 7 was properly refused because it holds plaintiff to the exercise of “proper care and caution” without explaining what proper care and caution meant. What is proper care and caution in one ease may be improper in another.
Charge 10 (record, page 348) was also properly refused, for it was fatally defective, in that it holds the plaintiff to “proper care and caution,” whatever that may be.
Charge 11 was properly refused for reason stated under refusal to give Charges 3 and 5.
Alfred B. Benedict, for plaintiff in error.
Strieker <& Johnson, for defendant in error.
Finally, it is claimed that the verdict is excessive. The verdict, it is true, is in a very substantial amount and shows a decided increase over the verdict of the first trial. If the plaintiff was entitled to recover at all, he was entitled to a substantial verdict. The verdict given on the first trial may not be a proper criterion on amount, because of additional testimony at the second trial as to the permanency of the injuries and expense incurred. We can not say that the verdict was the result of either passion or prejudice (Section 5305, par. 4), and we therefore know of no reason why the finding of the jury should be disturbed. We find no error prejudicial to plaintiff in error, and we therefore think the judgment should be affirmed with costs.