### HILLYER v. LAIGHT STREET STORES CO.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

NEGLIGENCE (§ 136*)—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   On plaintiff's entering defendant's warehouse for the purpose of going to the fourth floor on business, defendant's foreman volunteered to take him up on the elevator. When reaching the elevator shaft the foreman raised the gate and reached into the shaft for the operating rope, when plaintiff followed in and fell to the basement below; the elevator being above the floor. The evidence was conflicting as to how dark it was and what plaintiff might have discovered if he had looked, *Held*, that the question of plaintiff's negligence was for the jury.

   [Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 333–346; Dec. Dig. § 136.*]

Appeal from Trial Term, Rockland County.

Action by Charles M. Hillyer against the Laight Street Stores Company. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mortimer B. Patterson, for appellant.
William B. Hurd, Jr., for respondent.

WOODWARD, J.   The defendant conducts a warehouse, and a firm known as Lilienthal Bros. had a quantity of hops stored in this warehouse.   Plaintiff was employed by Lilienthal Bros. as an inspector of hops.   These hops were stored upon the fourth floor.   The plaintiff had worked there during the forenoon, and went out to lunch. On his return he met the foreman, who volunteered to take him up on the elevator, which appears to have been used for this purpose, though probably a freight elevator.   They had to walk through a passageway, the elevator being at the end thereof, and when they had reached the elevator shaft the foreman raised the gate and stepped or reached into the shaft, as he says, for the purpose of reaching the operating rope to lower the elevator, which was above, when the plaintiff followed in and fell to the basement below.   There was a conflict of evidence as to the physical surroundings, how dark it was, and how much light was afforded, and what the plaintiff might or might not have discovered if he had looked; and it is urged upon this appeal that the evidence shows the plaintiff to have been guilty of negligence as a matter of law, this being the only question seriously urged.

There appears to be no question that the place was dark, that it required artificial lighting, and a situation which might have been seen by one who was entirely familiar with the place, and who had not been out in the broader light, might be very obscure to one who had been there only a half dozen times, more or less, and who had just come in from the outside.   From the evidence we are persuaded that the jury had a right to find that the plaintiff, invited by defendant's foreman to ride in the elevator, had a right to assume, when the gate was opened and the foreman disappeared in the shaft, that it was ready for him to enter, and that he was not bound to see all that a careful investigation might have disclosed.   Under the rule laid down in Tousey v. Roberts, 114 N. Y. 312, 316, 21 N. E. 399, 11 Am. St. Rep. 655, and approved in Wilcox v. City of Rochester, 190 N. Y. 137, 141, 82 N. E. 1119, 17 L. R. A. (N. S.) 741, the case was properly submitted to the jury and the verdict should not be disturbed.

The judgment and order should be affirmed.

Judgment and order affirmed, with costs.   All concur.