(167 App. Div. 320)

## SCHIEMANN v. NAUGHTON.   (No. 7215.)

(Supreme Court, Appellate Division, First Department.   May 7, 1915.)

CARRIERS ☞320—CARRIAGE OF PASSENGERS—INJURIES—ELEVATORS—QUESTION OF FACT.

Where plaintiff's decedent, upon entering defendant's elevator, which was left unattended, with the door .open slightly above the level of the floor, stumbled, and in attempting to recover fell against the wheel of the car, starting it, whereby he was fatally injured, it was a question for the jury whether defendant was negligent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325;  Dec. Dig. ☞320.]

Hotchkiss and McLaughlin, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Mary Schiemann, administratrix, against Michael Naughton. From a judgment dismissing complaint, plaintiff appeals. Reversed and remanded.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Louis S. Posner, of New York City, for appellant.

Benjamin Berger, of New York City, for respondent.

CLARKE, J.   Plaintiff's intestate, a physician, 50 years of age, received the injuries which led to his death at the Yorkville Casino, 210 East Eighty-Sixth street, owned and controlled by the defendant Naughton.

On January 19, 1911, at about 9:20 p. m., Dr. Schiemann entered the east door of the building to attend a meeting of a lodge of which he was a member. He came in behind Mr. Hoefer, a witness on the trial. They passed to the elevator, which was open and empty; the attendant being 12 to 15 feet away talking to two other employés. Dr. Schiemann wore a shoe with a brace on his right foot and carried a cane. The floor of the elevator was about 3 or 4 inches above the floor of the hall. As they came to the elevator, Hoefer stopped and turned his head to the left to ask the elevator attendant a question. The doctor passed him, and in getting into the elevator tripped and fell into the car. In trying to recover himself, he fell against the handle of the wheel, starting the elevator, which moved slowly up. Mr. Hoefer succeeded in pushing into the elevator the part of the doctor's body which projected from it, but could not get his left leg in. The operator stopped the elevator from the pit, but not before the doctor's leg had become wedged in between the ceiling of the first floor and the side of the elevator. Officers of the fire department chopped away the ceiling and released him. He was taken to a hospital and died on March 9th, as a result of the injuries received.

At the close of the plaintiff's case, the defendant moved to dismiss on the ground that she had not shown the negligence of the defendant

or freedom from contributory negligence of her intestate. The motion was granted on the authority of Green v. Urban Contracting Co., 106 App. Div. 460, 94 N. Y. Supp. 743, and plaintiff appeals.

Plaintiff's theory is that the fact that the elevator door was open constituted an invitation to enter; that in so doing the doctor tripped on the floor of the elevator which had been carelessly left above the floor of the hall; that the accident was due to this and the negligence of defendant's employés in leaving the elevator unguarded.

In Green v. Urban Contracting & Heating Co., 106 App. Div. 460, 94 N. Y. Supp. 743, the facts were entirely different from those in the case at bar. One of the doors closing the entrance to the elevator on the ground floor was open, and the elevator boy was not there. It was early in the morning, and the elevator had not been used that day. Several of the employés of a tenant in the building on their way to work went into the elevator and stood there waiting to be taken up. Plaintiff's intestate, a fellow workman of said employés, came and stood at the opening into the elevator, one foot upon the floor of the elevator and the other on the floor of the building. The elevator for some unexplained reason started up, carrying the plaintiff's intestate between the elevator and the wall and causing him an injury which resulted in his death. The evidence was undisputed that the elevator was in good order and that it could not have been moved except by pulling the operating rope. The court said:

"When these employés * * * arrived in the morning, the elevator boy was not present, and, instead of waiting outside of the elevator where they would have been safe, they took their places in the elevator, waiting there for the boy to come, and the plaintiff's intestate then placed himself partly in the elevator and partly on the floor of the building, in a position of danger in case the elevator should move, and stood there talking to his associates. * * * There was certainly no invitation to the plaintiff's intestate * * * to place himself in this position. * * * But whatever may be said about these men who stood in the elevator, certainly one placing himself at the entrance of the elevator, in such a position that the slightest movement of it would be certain to cause an injury, was not in a position to which he was invited by either of the defendants. If the car had suddenly started as he was walking into the elevator, a different question would be presented. * * * Placing himself in this position—a position obviously dangerous—was not the act of a prudent person, and an injury that resulted from his thus placing himself in such a position is not one for which the defendants are liable."

In Jolliffe v. Miller, 126 App. Div. 763, 111 N. Y. Supp. 406, unanimously affirmed 196 N. Y. 504, 89 N. E. 1102, this court sustained a verdict for the plaintiff where an elevator boy had left the door of the shaft open, had left his car, and was standing a short distance away talking to a person who had asked him some question in regard to a tenant in the building, and the elevator had been moved, and the plaintiff, when he saw the open doorway, assuming the car was there, stepped in, fell to the bottom of the shaft, and received the injuries complained of. We examined Tousey v. Roberts, 114 N. Y. 312, 21 N. E. 399, 11 Am. St. Rep. 655, and the discussion in that case and Wilcox v. City of Rochester, 190 N. Y. 137, 82 N. E. 1119, 17 L. R. A. (N. S.) 741, 13 Ann. Cas. 759, and held that the open door and the elevator boy

standing by it was an invitation to the plaintiff to enter, with the right upon his part to assume that the car was there, and that from all the cases under the circumstances disclosed it was the duty of the trial court to leave the question of contributory negligence to the jury.

It seems to us that plaintiff had made out a prima facie case presenting a question of fact which required submission to a jury and that the dismissal of the case at the close of the plaintiff's evidence was therefore error.

The judgment appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event.  Order filed.

INGRAHAM, P. J., and SCOTT, J., concur.

HOTCHKISS, J. (dissenting).  I am of the opinion that the complaint was properly dismissed.  When the decedent approached the elevator, the car was well lighted.  Assuming that that fact would have justified a finding that he entered the car upon the invitation of the defendant, the evidence is insufficient to sustain a finding that the decedent's death was due to its negligence.  The evidence does not disclose the fact that the deceased tripped before he entered the elevator or in consequence of the unevenness between the floor of the elevator and the floor of the building.  Hoefer, the only witness on this point, on his direct said:

"He walked into the elevator; and it seemed to me that when in the elevator he tripped.  He raised himself—he had a cane in his hand, and raising himself he tripped, kind of stumbled again, and fell over against the wheel of the car."

On cross-examination he testified:

"Q. He, as you say, fell first, and then started the car when he got up, is that it?  A. No, sir; he fell, and in trying to pick himself up he fell against the wheel of the car.  *  *  *  As he entered the car, he fell over this way (illustrating), and in picking himself up, trying to get up, this leg again got caught right at the wheel or at the foot of the elevator, and in picking himself up he fell over against this way again (indicating); which I believe was the wheel right there which I seen, and the gentleman fell right up against that wheel."

Subsequently he was cross-examined with respect to testimony he gave at the coroner's inquest, but there is not a word to indicate that the deceased tripped in consequence of the difference in elevation between the floor of the elevator and the floor of the building.  It is also apparent from the testimony of the same witness that, when deceased fell against the wheel and started the car, it was the second time he fell, and not when he was trying to raise himself from his first fall.  Therefore, if it be assumed that the defendant was negligent, its negligence was not the proximate cause of the accident.

I therefore dissent and vote to affirm the judgment.

McLAUGHLIN, J., concurs.